Robert MARSH, Appellant,

v.

STATE of Texas, Appellee.

No. 01-81-0011-CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1981.

Rehearing Denied Feb. 4, 1982.

Discretionary Review Granted May 5, 1982.

Donald Ervin and Robert W. Tarrant, Houston, for appellant.

Thomas R. Culver, III, Richmond, for appellee.

Before WARREN, BASS and DUGGAN, JJ.

WARREN, Justice.

The jury found appellant guilty of the felony offense of possession of marihuana and assessed his punishment at confinement in the Texas Department of Corrections for 10 years and a fine of $5,000.

On the evening of March 27, 1978, Texas Ranger Ray Scholton was trotline fishing with his wife on the 4444 Ranch in Fort Bend County, Texas. Scholton had an agreement with the owner of the ranch that he could fish on the ranch if he protected the property from "trespassers, cattlerustlers, and other people." The owner had not told Scholton that a car, pick-up, or airplane would be on or around the ranch property the night of March 27, 1978.

Scholton testified that at around midnight he saw "vehicles and subjects" moving around a grass landing strip on the ranch. He approached the area until he was 100–200 yards from the activity and he saw a pick-up truck with a camper and a light colored Cadillac. He left the ranch and went two miles to Simonton, where he telephoned the Fort Bend Sheriff's Department. He went back down Guyler Road to the outskirts of the ranch, pulled off the road, and turned off his lights. After staying in place for 2–3 minutes, Scholton saw the two vehicles near the landing strip and an airplane circling low overhead.

He left a second time and drove 4 miles to Wallis, Texas; here he phoned Fort Bend County Deputy Sheriff Larry Lee, a resident of Wallis. In Wallis, he exchanged his private vehicle for his unmarked Texas Ranger automobile which was equipped with a police radio. At around 2:00 a.m., March 28, Scholton and Deputy Lee met at Barney's Store at the intersection of Guyler Road and FM 1093, about 2 miles from the ranch. Scholton's wife was still with them. The three of them, in Scholton's auto, went back down Guyler Road toward the ranch and parked by an abandoned church with their lights off. Scholton stated it was then that they saw the two vehicles coming up Guyler Road where the ranch merges into Guyler Road. The two vehicles passed the Scholton vehicle heading north on FM 1093.

With his lights off, Scholton followed the pick-up and Cadillac east on Highway 1093 through Simonton, Texas into Fulshear, Texas. At Fulshear, the Cadillac continued east on FM 1093 toward Houston while the pick-up turned north on FM 359 toward Brookshire. He testified that at this point he was trying to contact by radio a marked police car to stop both vehicles. About one mile north of Fulshear, the pick-up pulled over and stopped. Testimony for the State showed that Scholton did nothing to cause the pick-up to stop. Testimony for appellant Marsh indicates that the pick-up

stopped because the officers flashed their lights. The position of appellant is that the officers stopped the vehicle. After the pick-up stopped, testimony is undisputed that Scholton approached the vehicle with a rifle in his hands. Scholton states he did so because, "it was 2 a.m. in the morning and I was concerned about the personal safety of myself, my wife, and Deputy Lee."

Scholton further testified that Marsh then got out of the driver's side, and that another man and two women were in the pick-up. Scholton ordered all four out of the truck to a position where he could watch them. He stated that he did not know how many people were in the pick-up and camper. Appellant produced no identification. Scholton stated that through the window of the truck, he saw a tarpaulin covering some type of cargo. He specified that for his own safety he looked in the back window and felt that there was contraband inside. He then testified that after the tarpaulin had been lifted, he recognized the distinctive smell of unburned marihuana.

Deputy Lee stated that they took no affirmative action in stopping the pick-up. He said that he did not know how many people were in the truck, and that neither he nor Scholton and his wife had on uniforms to identify them as officers. Lee stated that after the truck stopped, he and Scholton approached it cautiously and with their guns drawn. Lee further testified that as he came within arms length of the rear corner of the truck, he noticed the strong smell of raw marihuana coming from the back of the pick-up.

After all four parties had gotten out of the truck, the camper was opened and six bales of marihuana (found to weigh 319 pounds and 8 ounces) were discovered.

Appellant and his companions were arrested for possession of marihuana and taken to the Fort Bend County Jail.

Appellant asserts: (1) a violation of the Speedy Trial Act; (2) an unlawful search and seizure; (3) insufficient evidence to find him guilty of possession; and (4) error in admitting reputation testimony from four police officers.

■ Appellant's first contention, that the State failed to comply with the Speedy Trial Act, is without merit. The act became effective on July 1, 1978. The State announced ready for trial on September 11, 1978 and again on October 9, 1978. An announcement of ready by the State within 120 days from the effective date of the Speedy Trial Act is a prima facie showing of compliance with the act. *Fraire v. State*, 588 S.W.2d 789 (Tex.Cr.App.1979). Although the case was not tried until October 22, 1979, the delays appear to be attributable to the demands of other court cases. This would not entitle defendant to dismissal under the Speedy Trial Act and his ground asserting violation of the Speedy Trial Act is overruled.

■ Appellant next complains that the evidence is insufficient to support a finding that he was in possession of marihuana. We will review the evidence in the light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976).

Testimony is uncontradicted that appellant was driving the vehicle. Testimony further shows that this pick-up had been seen earlier on the ranch near the landing strip. Scholton, Lee, and Scholton's wife followed the truck until it stopped on FM 359. Scholton testified that appellant unlocked the camper and asked that his rights be read to him before opening the camper. Earlier, he told Scholton that the pick-up was carrying feed and when first asked, appellant refused to open the back end. He also asked Scholton if he had a search warrant. After opening the camper, Scholton stated that there were no feed bags but six bales of raw marihuana. Deputy Lee said that he could smell the marihuana before the camper top was ever opened, and Scholton said that he smelled it when the top was opened. Department of Public Safety Chemist Dennis Ramsey testified that raw marihuana has a distinctive smell and that this odor would be noticeable while driving a pick-up truck with marihuana in a covered camper.

Appellant cites *Underwood v. State*, 571 S.W.2d 7 (Tex.Cr.App.1978) in which Underwood's conviction of possession of marihuana was reversed on appeal because, "the mere presence of the defendant in the house where prohibited items were found, standing alone, was insufficient to show possession and sustain conviction." The amount of marihuana found in *Underwood* was between 17 and 21 ounces; Underwood did not own, rent, live in or have any substantial link with the house; none of his possessions were found in the house; he had no marihuana on him; officers testified he apparently had not smoked any marihuana nor had he made any furtive gestures. The Court said:

> (The) State must show that (a) the appellant exercised, either singularly or jointly, care, custody, control and management over the contraband and (b) that he knew the object he possessed was contraband. *The evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts.* This affirmative link is established by showing facts and circumstances which indicate the accused's knowledge and control of the contraband. 571 S.W.2d at page 9 (emphasis added).

Based on the circumstances, statements, and testimony regarding the entire incident, a reasonable inference arises that appellant knew of the existence of 319 pounds of marihuana in the back end of the pick-up he was driving and had been driving around a nearby air strip at 2:00 a. m.

■ Appellant next complains that the reputation testimony was improperly admitted at the punishment phase of the trial. He cites *Mitchell v. State*, 524 S.W.2d 510 (Tex.Cr.App.1975) as holding that a reputation witness must base his testimony on community knowledge and belief. In *Mitchell*, a police chief testified that a defendant had a bad reputation in the community. Evidence showed that the police chief had never discussed the defendant's bad reputation with anyone in the accused's community, and that his knowledge of defendant's bad character was based on his "rap sheet" and the facts of the instant case. *Mitchell* held that permitting the police chief to testify was harmless error.

The officers who testified in this case stated that appellant's reputation in the community was bad. All four of the officers had known appellant over a year, and one had known him over six years. Two of the officers, Sturdevant and Hammonds, based their reputation testimony on discussions they had had with other officers, special agents, and Federal Narcotics officers. The other two officers, Special Agents Parsons and Perry, stated that they had talked with civilians about appellant.

The policemen and special agents in this case testified that they had known appellant for a long time, and they had discussed his reputation with many law enforcement officers of other divisions and with civilians. There is no error shown.

Appellant next urges that the trial court erroneously admitted into evidence marihuana which was the product of an illegal arrest. He alleges that there was no probable cause to search the vehicle and subsequently arrest him; he further contends that there were no exigent circumstances warranting a search without a search warrant.

Ranger Scholton was on the 4444 Ranch on the night of March 27, 1978, with the permission of the owner, to watch over the ranch due to a problem the ranch owner was having with break-ins, cattle thefts, and reports of cattle being butchered. The owner had not told Scholton of any arrivals that night by car or plane. Scholton saw the vehicles at the landing field, heard the plane and, being on his guard because that was what he was there to do, he investigated.

In *Milton v. State*, 549 S.W.2d 190 (Tex. Cr.App.1977), the defendant was convicted of possession of heroin. Presiding Judge Onion, speaking for the Court of Criminal Appeals, quoted from the case of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d

889 (1968), that if "a police officer observes unusual conduct which reasonably leads him to conclude in light of his experience that criminal activity may be afoot, and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search" of that person (and consistently in any area in which a reasonably prudent man would be warranted to search in belief that he was in danger).

■ The court further stated in *Milton* that the U.S. Constitution did not require a showing of exigent circumstances for a felony arrest made in a public place based on probable cause. Because of the circumstances surrounding the presence of the appellant and his companions on the ranch, the fact that Scholton was on the ranch to check any suspicious activity, and the obvious smell of raw marihuana upon approaching the vehicle, there was probable cause to investigate the vehicle and its occupants. After smelling the marihuana, there was probable cause to search.

In *Attwood v. State*, 509 S.W.2d 342 (Tex. Cr.App.1974) where an officer smelled marihuana coming from the trunk of the car, the arrest based on his smell and discovery of the marihuana was held legal. A recent U.S. Supreme Court decision in *United States v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981) described certain elements justifying an investigative stop of a vehicle as:

(a) In determining what cause is sufficient to authorize police to stop a person, the totality of the circumstances—the whole picture—must be taken into account. Based upon that whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity. The process of assessing all of the circumstances does not deal with hard certainties, but with probabilities, and the evidence collected must be weighed as understood by those versed in the field of law enforcement. Also, the process must raise a suspicion that the particular individual being stopped is engaged in wrongdoing.

(b) This case implicates all of these principles—especially the imperative of recognizing that, when used by trained law enforcement officers, objective facts, meaningless to the untrained, allow for permissible deductions from such facts to afford a legitimate basis for suspicion of a particular person and action on that suspicion.

(c) The intrusion upon privacy associated with this stop was limited and "reasonably related in scope to the justification for (its) initiation."

In the instant case, when the time, place and the nature of the activity are considered, any reasonably competent peace officer would have the duty to make an investigative stop. It was not unreasonable to check the back of the pick-up to determine whether there were other persons present who might cause harm. Likewise, upon discovery of the marihuana, arrest was proper. This ground of error is overruled.

Affirmed.