Steven Leroy **HELTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09 81 065 CR.

Court of Appeals of Texas, Beaumont.

May 26, 1982.

 

Steve Carlton, Orange, for appellant.

William C. Wright, County Atty., Orange, for appellee.

OPINION

DIES, Chief Justice.

Appellant was convicted by a jury of burglary of a building and sentenced to sixty years confinement in the Texas Department of Corrections which brings this review.

Appellant's first ground of error contends that the trial court committed error in submitting a charge to the jury on punishment because the prior conviction alleged in the indictment was not a final conviction. When such an averment is made if the conviction was not final, it would have to be shown as a matter of defense which was not done here. *Williams v. State*, 596 S.W.2d 862 (Tex.Cr.App.1980). This ground of error is overruled.

Appellant's second ground of error alleges error in that there was a fatal variance in the proof submitted by the State and the allegation in the indictment as to appellant's prior conviction as to the date of such conviction. The evidence at trial came in without objection that appellant was sentenced on February 20, 1976, for burglary of a building with intent to commit theft. *V.T.C.A, Penal Code, Sec. 12.42* requires the State to prove finality at trial. The fact that appellant gave notice of appeal (even if his letter of withdrawal had no effect) had no effect on the finality at this trial. See *Burton v. State*, 493 S.W.2d 837 (Tex. Cr.App.1973); *Rener v. State*, 416 S.W.2d 812 (Tex.Cr.App.1967).

Appellant's third ground of error contends error exists as a result of the appellant's retained attorney's violation of the attorney-client privilege. What happened is that appellant's attorney approached the bench and informed the court that he (the attorney) would not put on a witness demanded by his client for fear the testimony would be perjured. Thereupon, the appellant himself questioned the witness while his attorney sat mute beside him, and, of course, in front of the jury. The entire record of this ground is hereafter set out:

"THE COURT: You may proceed, Mr. Scroggins.

"MR. SCROGGINS: Your honor, with permission of the Court, the Defendant would like to call a witness and question that witness.

"THE COURT: The Defendant himself wishes to question him?

"MR. SCROGGINS: Yes, Your Honor.

"THE COURT: Would you explain to the Court what it is that keeps you from questioning the witness, since you are his retained attorney?

"MR. SCROGGINS: Well, number one, it's by demand of my client, Your Honor, by a request and demand of my client, that this particular witness take the stand, over my objections, and I understand that the witness is also represented by an attorney. I would like to hear the other reasons, not in the presence of the jury.

"THE COURT: You may approach the Bench. Would the Court Reporter come up here?

"(THEREUPON, THE FOLLOWING PROCEEDINGS WERE HAD AT THE BENCH WHICH WERE INAUDIBLE TO THE JURY:)

"MR. SCROGGINS: Your Honor, my main reason is that I am convinced that this witness is going to perjure himself, and I don't want to be a party to the perjury.

"THE COURT: Do either one of you believe we need to advise him of his rights?

"MR. FRANCISCO: I believe it would be right to so advise this person.

"MR. SCROGGINS: I think he has a pending case.

"MR. FRANCISCO: He has a case pending.

"MR. SCROGGINS: He has a felony pending.

"(THEREUPON, PROCEEDINGS WERE RESUMED IN THE PRESENCE AND HEARING OF THE JURY AS FOLLOWS:)

"THE COURT: All right, you can keep your seat, ladies and gentlemen.

"(THEREUPON, A DISCUSSION WAS HAD IN CHAMBERS OUT OF THE PRESENCE AND HEARING OF THE JURY, AFTER WHICH TIME PROCEEDINGS WERE RESUMED IN THE PRESENCE AND HEARING OF THE JURY AS FOLLOWS:)

"THE COURT: As long as Mr. Scroggins has thereto advised his client, then the Court will allow them to call the witness and proceed.

"MR. SCROGGINS: Yes, sir.

"HOWARD JOHNSTON, called as a witness by the Defendant, having been first duly sworn, upon his oath testified as follows:

"MR. SCROGGINS: May we approach the Bench, Your Honor?

"(THEREUPON, A CONFERENCE WAS HAD AT THE BENCH WHICH WAS INAUDIBLE TO THE JURY AND COURT REPORTER, AFTER WHICH TIME PROCEEDINGS WERE RESUMED AS FOLLOWS:)

"THE COURT: You may step down, Mr. Johnston. Would you take Mr. Johnston out of the Courtroom for right now, please?

"MR. SCROGGINS: I'd like to call Mr. Helton to the stand, Your Honor.

"THE COURT: All right.

"STEVEN LEROY HELTON, called as a witness in his own behalf, having been first duly sworn, upon his oath testified as follows:

"MR. SCROGGINS: Your Honor, it's understood this is limited to this one item?

"THE COURT: Sure

"DIRECT EXAMINATION

BY MR. SCROGGINS:

"Q. State your name, please?

"A. Steven Leroy Helton.

"Q. Mr. Helton, you're the Defendant in Cause No. 10,395?

"A. I am.

"Q. And I understand you're being tried for burglary in this Court today?

"A. True.

"Q. Now, you had requested that I, Lawrence R. Scroggins, as your defense attorney, call a witness by the name of Howard Johnston?

"A. That's correct.

"Q. I advised you that I didn't—in other words, it was against my advice that this witness is going to testify.

"A. That's right.

"Q. You're instructing me and demanding that the witness be called?

"A. That's true.

"Q. And testify against my advice?

"A. That's true.

"MR. SCROGGINS: That's all I have.

"MR. FRANCISCO: Your Honor, in agreement with Mr. Scroggins and the Court, we have no questions of the witness at this time.

"THE COURT: Mr. Helton, then you are going to examine this witness yourself?

"THE DEFENDANT: To the best of my knowledge.

"THE COURT: All right, and the Court will tell you, as I stated earlier, that your attorney is still going to be sitting at that table with you. He is there to advise you. He is there to advise you as to the proper rules that you will need to follow in order to do this.

"THE DEFENDANT: (Nods head.)

"THE COURT: All right, he nodded his head in the affirmative. You may take your seat unless you've got something else.

"(Defendant resumes seat at counsel table.)

"THE COURT: Bring the witness back in.

"HOWARD JOHNSTON, being recalled to the witness stand by the Defendant, having been duly sworn, upon his oath testified as follows:

"THE COURT: Once again, Mr. Johnston, if you will come up here and have a seat, please. You may proceed."

■ Of course, no attorney must be compelled to put on evidence he suspects is perjured. See generally authorities cited in *Maddox v. State*, 613 S.W.2d 275 (Tex.Cr.App.1980). The counsel remained, gave advice, and argued the case to the jury. Therefore, *Maddox v. State*, supra, is distinguishable. We do not criticize the able trial judge in the case at bar, but should this situation arise again, the appellant should be fully charged on the likely effects of his decision. This ground of error is overruled.

■ Appellant's fourth ground of error urges the trial court committed reversible error by commenting on the weight of the evidence when he stated the appellant "stood mute," and the court took this as a not guilty plea. The appellant did stand mute, and the court was correct in then entering for him a not guilty plea. Further, there was no objection. See *Anderson v. State*, 391 S.W.2d 732 (Tex.Cr.App.1965); *Taylor v. State*, 489 S.W.2d 890 (Tex.Cr.App.1973); *Hernandez v. State*, 530 S.W.2d 563 (Tex.Cr.App.1975). [Comment by judge to be reversible must benefit the State or injure the defendant.] This ground of error is overruled.

Appellant's last ground of error alleges error in that State failed to comply with the Speedy Trial Act. The State had announced ready for trial, and appellant acknowledged in his brief that he has failed to comply with *Barfield v. State*, 586 S.W.2d 538, 542 (Tex.Cr.App.1979). See also, *Callaway v. State*, 594 S.W.2d 440 (Tex.Cr.App. 1980), and *Marsh v. State*, 630 S.W.2d 305

(Tex.Cr.App.1981). This ground of error is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.

KEITH, Justice, dissenting.

I confine my dissent to the ruling upon the third ground of error, that relating to the self-representation by the appellant. As to this facet of the cause, I respectfully dissent.

The lengthy quotation from the record as to the events leading up to the self-representation is all that is to be found therein; and, it is obvious that there is a large, and glaring, omission.* Such defect was expressed in *Maddox v. State*, 613 S.W.2d 275, 285 (Tex.Cr.App.1980):

"The record does not establish that the appellant was made so aware of the dangers and disadvantages of self-representation that he made a knowing and informed choice."

Absent a record showing of an explanation of the consequences of his foray into self-representation, followed by a showing that " 'the accused voluntarily, knowingly and intelligently waive[d] his right to counsel,' " the trial court erred. See *Jordan v. State*, 571 S.W.2d 883, 884 (Tex.Cr.App. 1978), quoted in *Maddox v. State*, supra (613 S.W.2d at 285).

The majority follows the argument of State's counsel that reversible error is not shown because "[t]he counsel [for appellant] remained, gave advice, and argued the case to the jury." This is not a distinction from *Maddox*, as asserted. There, the attorneys continued in the case and "did give the appellant advice when he requested it." (613 S.W.2d at 279)

From my review of the record, I am unable to find compliance with the rule announced in *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562

---

* "Bench" conferences, such as mentioned in this case, which are "inaudible to the jury and court reporter" may be helpful at the trial level; they are of no value to an appellate court. Indeed, there is no substitute for a complete and unabridged record on appeal.

(1975), as stated in *Maddox, supra* (613 S.W.2d at 285), that appellant was "made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta, supra* (422 U.S. at 837, 95 S.Ct. at 2542, 45 L.Ed.2d at 582).

The trial court did not follow the teachings of *Maddox* and the authorities therein cited. Because of the lack of a record showing of a knowing and intelligent waiver of his rights, if such was done in fact, I respectfully dissent from an affirmation of the judgment which condemns appellant to confinement for six decades.