**Michael James PIPKEN, Appellant,**

**v.**

**The STATE of Texas.**

**No. 01–81–0913–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 26, 1984.

Rehearing Denied June 7, 1984.

Ronald G. Mock, Houston, for appellant.

John B. Holmes, Jr., Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

OPINION

EVANS, Chief Justice.

Appellant pleaded guilty to the charge of burglary of a habitation. The court deferred adjudication and placed appellant on probation for five years. Pursuant to the State's motion, the court subsequently adjudicated appellant's guilt, assessing a punishment of five years confinement to run concurrently with a sentence of ten years imposed in a companion case.

Appellant's court-appointed counsel has filed a brief in which he has stated his opinion that the appeal is wholly frivolous and without merit. The brief presents an evaluation of the record demonstrating why, in effect, counsel believes there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Currie v. State*, 516 S.W.2d 685 (Tex.Cr.App.1974); *see also High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978); *Gainous v. State*, 436 S.W.2d 137 (Tex.Cr.App.1969). A copy of counsel's brief has been delivered to appellant, and appellant has been advised that he had a right to file a pro se brief. No pro se brief has been filed within 30 days.

After a review of the record, the court determined that there was a ground that needed further briefing and notified counsel by letter of the court's request for a supplemental brief on the issue of the defendant's competency to stand trial. Ron Mock, appellant's attorney, responded in a two-paragraph letter that he found "no inconsistencies" in the record relative to Tex. Code Crim.P.Ann. art. 46.02, sec. 2(a), (b) (Vernon 1979). In the interest of justice we will discuss this unassigned ground of error. *Carter v. State*, 656 S.W.2d 468 (Tex.Cr.App.1983). Contrary to counsel's opinion, we conclude that there is a meritorious ground of error and the judgment of the trial court is abated.

On June 28, 1979, appellant pleaded guilty to the charge of robbery. The court deferred an adjudication of guilt, and placed appellant on five years probation. The State filed a motion to adjudicate ap-

pellant's guilt on August 22, 1979, alleging several violations of the conditions of his probation. Appellant was incarcerated and no other action was taken until December 11, 1979, when the State filed a motion for psychiatric examination. The court granted the State's motion, and appellant was examined on December 18, 1979, and January 14, 1980, by J.M. Bloom, a psychologist at the Harris County Psychiatric Hospital.

In a letter to the trial court judge, Dr. Bloom reported the following:

On each occasion [of examination] I explained to him the nature and purpose of the examination, but on each occasion he was not able to demonstrate that he understood the statements in a rational manner. His intellectual capacity is in the borderline retarded range, and his thinking is disorganized because of severe depression ....

*At this time, my opinion is that Mr. Pipken is incompetent to stand trial in that he does not have a rational understanding of the nature of the proceedings against him.* I have recommended that he be transferred to the 9th Floor Treatment Unit here, for treatment of depression. If and when this is accomplished, I will again examine Mr. Pipken to determine if there is any improvement.... (emphasis added).

Several weeks later the State filed another motion for a psychiatric examination and on April 8, 1980, Dr. Bloom wrote another letter to the court:

I saw Mr. Michael Pipken on March 20, 1980 for psychological evaluation. I previously saw Mr. Pipken for examination on December 18, 1979 and January 14, 1980. It was my opinion at that time that he did not have rational understanding of the proceedings against him. There was evidence of mental retardation, and his thinking was disorganized. At the time of this present evaluation, Mr. Pipken is out on bond, but he was unable to demonstrate that he has a rational understanding of the bonding procedure.... In general, the results of this evaluation are consistent with previ-

ous findings suggesting the presence of mental retardation. There is also evidence of disturbed and disorganized thinking, but not of psychotic proportions. *Mr. Pipken was still unable to demonstrate that he has sufficient understanding of the nature of the proceedings against him.* The results of the evaluation were not sufficient in order to answer other questions [regarding whether appellant was able to comply with his conditions of probation, and whether appellant had the ability to function in society without aid] as set forth in the court order.

Mr. Pipken's present status is that of a suspected mentally retarded person .... (emphasis added).

On the basis of these reports appellant's probation officer requested that all fees and arrearages be waived. The State dismissed its motion to revoke (adjudicate guilt) on May 16, 1980.

In February 1981 the State filed another motion to adjudicate guilt, this time on the basis that appellant had allegedly committed another burglary. A hearing on the State's motion was conducted on March 12 and 13, 1981. Both sides presented testimony, and the court found the allegations in the State's motion to be not true.

The final motion to adjudicate appellant's guilt, alleging that he had committed the offense of murder, was filed July 29, 1981 (the day after the grand jury returned an indictment for murder against appellant). After many resettings, the motion was heard on December 8, 1981. Appellant pleaded true to the allegations and the court adjudicated appellant's guilt. Punishment was assessed at five years confinement, to run concurrently with his sentence in the murder case (cause no. 338,554). Appellant pleaded guilty to murder before the same judge as in the instant case and was assessed a punishment of ten years confinement.

■ If, during a criminal trial, evidence of a defendant's incompetency is brought to the attention of the court from any

source, the court must conduct a hearing to determine whether there is evidence to support a finding of incompetency to stand trial. Tex.Code Crim.P.Ann. art. 46.02, sec. 2(b) (Vernon 1979). Because there is no final adjudication of guilt at the time the court imposes its conditions of "probation," Tex.Code Crim.P.Ann. art. 42.12, sec. 3d (Vernon Supp.1984), and further adversary proceedings are stayed, we hold that the time between the deferment of adjudication of guilt and subsequent disposition of the cause by adjudication or dismissal is "during trial" for the purposes of the requirements imposed by article 46.02, sec. 2(b).

■ A section 2(b) inquiry hearing is necessarily less formal than one conducted to determine the actual competency of the accused to stand trial. *See* Tex.Code Crim. P.Ann. art. 46.02, sec. 4 (Vernon 1979). The evidence of incompetency must only be sufficient to raise a bona fide doubt in the mind of the trial judge as to the competency of the defendant; it need not be sufficient to support a finding of incompetence and is qualitatively different from such evidence. *Mata v. State*, 632 S.W.2d 355 (Tex.Cr.App.1982); *Dinn v. State*, 570 S.W.2d 910 (Tex.Cr.App.1978). The evidence must evoke a bona fide doubt in the court's mind whether the defendant has a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational and factual understanding of the proceedings against him. Tex.Code Crim.P.Ann. art. 46.02, sec. 1 (Vernon 1979).

The provisions of article 46.02, section 2(b) are mandatory. *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1977). There is no statement of facts before us. However, the docket sheet in the transcript shows that during the two-year period between the first psychiatric examination and the adjudication of appellant's guilt, a section 2(b) inquiry hearing was not conducted.

■ We recognize that there is "no easy litmus test for determining when evidence meets the deceptively simple bona fide doubt standard," *Mata v. State*, 632 S.W.2d at 358. However, the record in this case clearly demonstrates the need for a hearing as contemplated by article 46.02, section 2(b). The court ordered psychiatric examinations on two separate occasions, and the examining psychologist stated unequivocally that appellant was incapable of understanding the proceedings against him. Furthermore, appellant's probation officer recommended dismissing the State's motion to revoke on the basis of appellant's apparent incompetency to abide by the terms of his probation. We conclude, therefore, that the trial court erred in failing to consider the reports as evidence of appellant's apparent incompetency and in failing to conduct a hearing to inquire about the appellant's competency prior to adjudicating his guilt in cause no. 298,716. We also conclude that a retrospective determination of competency can be made within the limits of due process. *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App. 1979).

Because we have determined that the competency issue was raised, the trial court must conduct a section 2(b) inquiry hearing. The appeal is abated and remanded to the trial court for further proceedings. In this respect, the suggestions set forth in *Killingsworth v. State*, 654 S.W.2d 724, 729–30 (Tex.App.—Houston [14th Dist.] 1983, no pet.) may assist the trial judge in such determination:

1. Taking the psychiatric reports and other relevant evidence into account, the court should determine whether at any time prior to the adjudication of appellant's guilt there was sufficient evidence of appellant's incompetency to require a hearing before a jury.

2. If such evidence did exist, the court must decide whether a meaningful retrospective competency hearing before a jury can be held pursuant to Tex.Code Crim.P.Ann. art. 46.02, sec. 4 (Vernon 1979). *See Martin v. Estelle*, 583 F.2d 1373 (5th Cir.1978).

3. If such a retrospective determination is practicable, a jury must be impan-

eled to decide whether appellant was competent to stand trial.

4. The result of the competency trial shall be certified to us by the court below for further appropriate orders from this court.