Anthony Donnell FANNIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00625–CR.

Court of Appeals of Texas,
Dallas.

July 22, 1986.

Rehearing Denied Aug. 20, 1986.

Gary A. Udashen, Dallas, for appellant.

Wm. Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, DEVANY and McCRAW, JJ.

DEVANY, Justice.

Anthony Donnell Fannin appeals his conviction for unauthorized use of a motor vehicle. He attacks the judgment of the trial court in seven grounds of error. The sufficiency of the evidence is not, however, in dispute. Because we agree with appellant that the trial court erred by failing to impanel a jury to determine his competence, we abate the appeal and remand the cause to the trial court to determine whether appellant was competent at the time he stood trial.

Upon appellant's request, the trial court held a *sub rosa* hearing between the guilt/innocence and punishment phase of the trial, pursuant to article 46.02, § 2(b) of the Code of Criminal Procedure. In his motion appellant's counsel alleged:

1. Counsel has attempted to conduct interviews and discussions with the defendant on April 25, 1985; May 1, 1985; May 7, 1985; and May 16, 1985, during which times the defendant was unable to communicate adequately with or to assist counsel in the matters pertaining to the case that is the subject of this prosecution. Furthermore, the defendant appeared not to have a rational or factual understanding of the proceedings against him.

2. Defendant has had a prolonged personal history of mental inadequacy as evidenced by records of the Dallas County Mental Health and Mental Retardation Center wherein Defendant was diagnosed as being retarded and in need of mental health therapy and treatment in the forms of psychotherapy and medicines, attached as Exhibit A and made a part hereof for all purposes.

3. Defendant has a history of mental illness dating as far back as July 1, 1975, since he was 13 years old. Defendant is now 23 years old.

He requested that, if evidence of incompetency was raised at the hearing, a separate jury be impaneled for the determination of this issue. Appellant's counsel reurged these assertions at the hearing.

At the hearing, the trial court admitted appellant's records from the Department of Mental Health and Mental Retardation. The court then stated:

Further, the Court is going to note for the record purposes a letter submitted to the Court in response to a request from the Court from one Dr. James P. Grigson, who evaluated Mr. Fannin after an interview in the Sterrett jail on May 15, 1985, the final conclusion of which—the final two sentences of which—well, let me read the whole paragraph:

"In conclusion, it is my opinion that Anthony D. Fannin does have sufficient present ability to consult with his lawyers with a reasonable degree of rational understanding and does have a rational as well as a factual understanding of the proceedings against him. At the time of the offense, he was not suffering from a severe mental disease, and he knew that his conduct was wrong. He is sociopathic and is faking."

\*   \*   \*   \*   \*   \*

Based upon this letter, the motion for incompetency hearing will be denied at this time.

Appellant was entitled to have a jury impaneled if there was "evidence to support a finding of incompetency to stand trial." TEX.CRIM.PROC.CODE ANN. art. 46.02, § 4(a) (Vernon 1979).

Under the most recent guidelines of the Court of Criminal Appeals, in determining this issue, "the trial court is to assay just that evidence tending to show incompetency, putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency." *Sisco v. State,* 599 S.W.2d 607, 613 (Tex.Crim.App. 1980). *See Williams v. State,* 663 S.W.2d 832, 833–34 (Tex.Crim.App.1984). Unsworn statements by an attorney may constitute "some evidence" under article 46.02. *Mata v. State,* 632 S.W.2d 355, 359 (Tex. Crim.App.1982).

■ Because the trial court based its refusal to impanel a jury to determine appellant's competency on Grigson's report, rather than disregarding it, the trial court obviously did not follow the standard required by *Williams* and *Sisco*. We conclude that appellant introduced some evidence of his incompetency at the hearing and, under these cases, was consequently entitled to have a jury impaneled on this issue.

The appeal is abated and the cause remanded to the trial court to impanel a jury within ninety days for a retrospective determination of whether appellant was competent to stand trial at the time of his first trial. *See Brandon v. State*, 599 S.W.2d 567, 578 (Tex.Crim.App.1980), *vacated on other grounds*, 453 U.S. 902, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981).