James Arthur BYRD, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–85–00875–CR.

Court of Appeals of Texas,
Dallas.

Sept. 29, 1986.

George Solares, Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

James Arthur Byrd appeals his conviction for aggravated assault. On August 17, 1981, appellant entered a plea of guilty. The trial court deferred adjudication of guilt for five years under the terms of Article 42.12, section 3d(a) of the Texas Code of Criminal Procedure. Thereafter, in July 1983, the State moved to adjudicate guilt. Pursuant to this motion a hearing was held on appellant's competency to stand trial, and a jury found that appellant was presently incompetent to stand trial but that he would probably attain trial-competency in the foreseeable future. Appellant was, therefore, judicially committed to Rusk State Hospital.

On December 9, 1983, the trial court received notice from the Clinical Director of Rusk State Hospital that the director considered appellant competent to stand trial and the court issued a bench warrant for appellant's return. The State subsequently withdrew its motion to proceed to adjudication and appellant was continued on probation. On July 26, 1985, pursuant to the State's third motion to adjudicate guilt, the trial court conducted a hearing and adjudicated appellant's guilt. Punishment was assessed by the court at five years' confinement.

Appellant initially filed a brief concluding that the appeal was wholly frivolous. At this court's direction, an amended brief was filed addressing the issue of the trial court's decision to adjudicate guilt without first determining appellant's competency to stand trial. We hold that the trial court erred both in adjudicating appellant's guilt and in sentencing him without first determining his competency to stand trial. Accordingly, we abate this appeal for a factual determination of appellant's competency on the trial date pursuant to Article 46.02 of the Texas Code of Criminal Procedure.

Under Article 42.12, section 3d(b) of the Texas Code of Criminal Procedure, when a

defendant on deferred adjudication has violated a condition of his probation:

> [t]he defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. *No appeal may be taken from this determination.* After an adjudication of guilt, *all proceedings,* including assessment of punishment, pronouncement of sentence, granting of probation, *and defendant's appeal continue as if the adjudication of guilt had not been deferred.* [Emphasis added.]

In *Williams v. State,* 592 S.W.2d 931, 932–33 (Tex.Crim.App.1979), the court held that *"the decision to proceed with an adjudication of guilt,* is one of absolute discretion and not reviewable...." [Emphasis added.] This is not to say, however, that "the process" of adjudicating a defendant's guilt is without judicial review.

In *Homan v. Hughes,* 708 S.W.2d 449, 451 (Tex.Crim.App.1986), the court reiterated that *the decision to proceed* with an adjudication of guilt is within the sole discretion of the trial court. Although the court in *Homan* recognized that an appellant *may appeal matters unrelated to the determination of guilt* after a deferred adjudication, 708 S.W.2d at 451, it restated that an appellant *did not have the right to appeal the adjudication of guilt. Id.* We believe, however, that the facts before us today mandate an exception to this rule.

■ In the case before us, we are faced with constitutional error inherently ingrained in both the adjudication and sentencing proceedings. *See Ex parte Lewis,* 587 S.W.2d 697, 700 (Tex.Crim.App.1979). The conviction of an accused while he is legally incompetent violates due process and due course of law. *Lewis,* 587 S.W.2d at 700; *Morales v. State,* 587 S.W.2d 418, 421 (Tex.Crim.App.1979). Further, the actual adjudication of guilt of an incompetent violates due process and constitutes error. *See Pipken v. State,* 671 S.W.2d 626, 629 (Tex.App.—Houston [1st Dist.] 1984, no pet.). As no factual determination to the contrary was made in accordance with the laws of this state, we must presume that appellant remains incompetent to stand trial. *Schaffer v. State,* 583 S.W.2d 627, 630 (Tex.Crim.App.1979); TEX.CODE CRIM. PROC.ANN. art. 46.02, § 5 (Vernon 1979); *but see Ex parte Yarborough,* 607 S.W.2d 565, 566–67 (Tex.Crim.App.1980).

■ On August 12, 1986, the State was allowed to supplement the appellate record with a psychiatric evaluation dated November 29, 1983, a letter dated December 2, 1983, from a clinical director at Rusk State Hospital, and a psychiatric evaluation dated July 15, 1985. All three recite that, as of their respective dates, appellant was mentally competent to stand trial. We hold that these documents are evidentiary only; they cannot operate as a substitute for a judicial fact-finding of appellant's competency to stand trial.

Article 46.02, section 5(i) of the Texas Code of Criminal Procedure expressly provides that a report, which is from the head of a facility to which a person is criminally committed and which states that the person committed has attained competency to stand trial, may serve as the sole basis to determine competency to stand trial. This report, however, does not obviate the need for a judicial determination. *See Schaffer,* 583 S.W.2d at 630; *see also Schaffer,* (on rehearing), 583 S.W.2d at 631. This appeal is abated so that a determination may be made pursuant to article 46.02 of the Texas Code of Criminal Procedure concerning appellant's competency to stand trial on July 26, 1985, at the time the trial court adjudicated appellant's guilt. *See Schaffer,* 583 S.W.2d at 631, on rehearing; *see also Pipken,* 671 S.W.2d at 629–30. *See generally, Fannin v. State,* 715 S.W.2d 137 (Tex.App. —Dallas 1986, no pet.).