Jimmy Miles **BELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–90–00559–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 1991.
Discretionary Review Refused
Nov. 20, 1991.

Von Shelton, Angleton, for appellant.

Kelly McClendon, Asst. Dist. Atty., Brazoria County, for appellee.

Before COHEN, WILSON and PRICE,* JJ.

## OPINION

WILSON, Justice.

A jury found appellant guilty of felony driving while intoxicated, found three enhancement paragraphs true, and assessed punishment at confinement for life.

* The Honorable Frank C. Price, former Justice, Court of Appeals for the First District of Texas at Houston, sitting by assignment.

1. The indictment alleged four prior convictions for driving while intoxicated. Those convictions occurred on June 13, 1984, February 8, 1985, August 6, 1986, and May 1, 1989.

On June 1, 1976, appellant was adjudged to be incompetent to stand trial for the charge of rape in cause number 9957 in the district court of Brazoria County. He was also charged with burglary of a habitation, cause number 9956, apparently arising out of the same criminal episode.

Following a jury's finding of incompetency, appellant was committed to Rusk State Hospital, where he remained until September 3, 1978, at which time he was discharged and returned to the district court. Appellant subsequently pled guilty to the burglary, and the rape charge was dismissed. We find no judicial determination in the record that appellant had regained his competence to stand trial.

In his sole point of error, appellant contends the trial court erred in failing to quash the enhancement paragraphs of his indictment. For the reasons set forth below, we sustain appellant's point of error, reverse his conviction, and remand to the trial court for a new trial on punishment.

■ On April 3, 1990, appellant was indicted for the primary offense. On May 14, 1990, appellant moved to quash his indictment[1] and to quash the enhancement paragraphs,[2] contending that, at the time of his prior convictions, he previously had been found incompetent and there had never been a judicial determination of his competency after his hospitalization.

The trial court conducted a hearing on appellant's motions, at which time defense counsel made the following statement:

We have presently pending before the Court [a] motion to quash. And we would like for a ruling on those motions for the record, Your Honor. We have a motion to quash based upon three prior convictions, also, Cause No. 9956 and 13,-380 and 1771. We believe that those convictions are void as a matter of law in that the accused was incompetent at the

2. The enhancement paragraphs alleged a conviction on April 23, 1979 for burglary of a habitation; a conviction on June 13, 1983 for indecency with a child; and a conviction on August 13, 1987 for burglary of a habitation.

time of those convictions. And therefore, we would ask the Court to quash the indictments in this case.

Because appellant did not introduce any evidence to support his motions to quash, the trial court properly denied appellant's motions. The court then proceeded to conduct a competency hearing to determine appellant's present competency, and a jury found appellant competent to stand trial.

At the competency hearing, appellant introduced as Defendant's exhibit number 1, an order that previously had adjudicated him incompetent. Before the start of trial, appellant once again urged his motions to quash, and re-offered the adjudication of incompetency:

> COUNSEL: Your Honor, at this time, in Cause No. 20,840, which is the cause before this Court today, I would like to reurge my motion to quash the indictment and reurge my motion to quash [the] enhancement counts. And I would like that, what has been previously marked as Defendant's Exhibit No. 1, I'd like to re-offer that, which is an adjudication of incompetency of Jimmy Miles Bell. And our motion alleges that all of those prior convictions are void because of [sic] Jimmy Miles Bell was incompetent at the time.

> THE COURT: All right. Your offer for Defendant's Exhibit No. 1 has been previously admitted, is offered for the limited purpose of your motion presently?

> COUNSEL: That's correct, your Honor.

> THE COURT: That will be admitted, and your reurged motions are denied. The Court notes that on the 11th day of June, 1990, in this case, a jury was selected, heard evidence, argument of counsel and the Charge of the Court, retired to deliberate on the issue of competency to stand trial. And the jury by its unanimous verdict found that Mr. Bell was competent to stand trial.[3]

When asked by the trial court if the State "had anything" in response to appellant's motions to quash, the prosecutor replied he did not.

The State correctly responds that an accused has the burden of proof on a motion to quash an indictment, *Wheat v. State*, 537 S.W.2d 20, 21 (Tex.Crim.App. 1976), and that a motion to quash is properly denied where a defendant offers no proof with respect to the allegations contained in his motion. *Worton v. State*, 492 S.W.2d 519, 520 (Tex.Crim.App.1973). This statement would certainly be true if the trial court had conducted only one hearing on appellant's motions. We find the discussion set out above, however, constituted a second hearing on appellant's motions to quash. The State claims that because no evidence, other than Defendant's exhibit number 1 was offered at this "second" hearing on appellant's motions, appellant did not carry his burden of proof. We disagree. With Defendant's exhibit number 1 now before it, the trial court had sufficient evidence of appellant's incompetency at the time of the previous convictions. *See Manning v. State*, 730 S.W.2d 744, 749 (Tex.Crim.App.1987) (the introduction of the prior, unvacated judgment of incompetency is the preferred means of showing such a fact). The State's contention is overruled.

The record in this case is very similar to that which the court had before it in *Schaffer v. State*, 583 S.W.2d 627 (Tex.Crim.App. [Panel Op.] 1979) (op. on reh'g). Schaffer was originally indicted for aggravated sexual abuse of a child and was later found by the verdict of a jury to be incompetent to stand trial. The trial court ordered Schaffer confined to the Rusk State Hospital on May 28, 1976. On February 1, 1977, Dr. Robert B. Sheldon, superintendent of the hospital, certified in a letter and final report to the trial court that Schaffer was then mentally competent to stand trial. No judicial action was taken on the certification. Schaffer was ultimately convicted and sentenced to 50 years confinement.

---

**3.** We note that the unchallenged evidence from the 1990 competency hearing indicates appel-

lant has an IQ of less than 70.

Like appellant, Schaffer argued that, once a jury determines a defendant is incompetent to stand trial, there must be some form of judicial restoration of competency. After reviewing TEX.CODE CRIM. P.ANN. art. 46.02, § 5,[4] the court agreed, holding:

> The general rule would seem to be that a person is presumed competent to stand trial until he is found incompetent to stand trial, and once found to be so incompetent, he is presumed to be incompetent until such time as it has been determined in accordance with the law that he is competent to stand trial.

> .  .  .  .  .

> Since there was no judicial determination of [Schaffer's] competency to stand trial prior to the trial on the merits after he had earlier been found incompetent to stand trial by a verdict of a jury, the judgment is reversed and the cause remanded.

*Id.* at 630; *see also Manning,* 730 S.W.2d at 748; *Byrd v. State,* 719 S.W.2d 237, 238 (Tex.App.—Dallas 1986, no pet.).

■ Once a defendant provides evidence of his incompetency, the burden of proof is upon the State to prove, beyond a reasonable doubt, the defendant is competent. *Manning,* 730 S.W.2d at 748. Appellant raised the issue of his previous incompetency at both hearings on his motion to quash and also during the competency hearing held in this case. The State never presented any evidence effective to refute appellant's claim of previous incompetency. Only at the punishment hearing on the primary offense did the State even attempt to present such evidence. The State introduced its exhibit number 11, which is the certificate of discharge signed September 3, 1978, by Paul Kaufman, Superintendent of the Rusk State Hospital. This letter is not evidence of competency.

■ First, letters from a psychiatrist or psychiatric evaluations containing recitations of competency are evidentiary only; they cannot operate as a substitute for a judicial fact finding of a defendant's competency to stand trial. *Byrd,* 719 S.W.2d at 238. *See also Schaffer,* 583 S.W.2d at 631, where the court held that a report from the superintendent of the state hospital, contained in a supplemental transcript filed by the State was not sufficient to prove Schaffer competent; the record was still devoid of any judgment, order, docket sheet entry, or other evidence that the court ever made a determination of competency after Schaffer's return from the state hospital.

Second, exhibit number 11 is merely a discharge letter. There is nothing in this letter regarding appellant's competence.

■ Attached to the discharge letter is a copy of the judgment from appellant's 1979 burglary conviction, cause number 9956, after he was released from the state hospital. In the order accepting appellant's guilty plea, the trial court stated: "The Court having considered the foregoing plea of guilty of the Defendant, it plainly appears to the Court that the Defendant is *sane* ... accepts the Defendant's plea of guilty and orders that such plea shall be entered upon the minutes of this Court." Sanity and competency are not synonymous. A person is *insane* and is entitled to use an insanity defense if, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, does not know his conduct is wrong. TEX.PENAL CODE ANN. § 8.01(a) (Vernon Supp.1991). A person is *incompetent* to stand trial if he does not have (1) sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding; or (2) a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM.P.ANN. art. 46.02 § 1 (Vernon 1989). While the trial court in cause number 9956 found appellant *sane,* there is no indication the trial court ever determined appellant was *competent* to stand trial. We conclude the trial court's finding that appellant was sane at the time he pled guilty to the burglary conviction in cause

---

4. Act of June 19, 1975, 64th Leg., R.S., ch. 415, sec. 5, 1975 Tex.Gen.Laws 1095, 1097–98, *amended by* Act of June 15, 1977, 65th Leg., R.S., ch. 596, 1977 Tex.Gen.Laws 1458, 1461–63, *now codified as* TEX.CODE CRIM.P.ANN. art. 46.02, § 5 (Vernon 1979 & Supp.1991).

number 9956, was not a finding he was competent to stand trial for that offense. *See Lang v. State,* 747 S.W.2d 428, 430–31 (Tex.App.—Corpus Christi 1988, no pet.).

Listed below are appellant's previous convictions, the date of each conviction, and what the judgment recital as to competency indicated.

| Date | Offense | Recital in Judgment as to Sanity/Competency |
|------|---------|---------------------------------------------|
| 04–23–79 | Burg. Hab. | Sane |
| 06–13–83 | Indec. w/child | Sane |
| 06–13–84 | DWI | Sane |
| 02–08–85 | DWI | Sane |
| 08–06–86 | DWI | Competent |
| 08–13–87 | Burg. Hab. | Competent |
| 05–01–89 | DWI | Competent |

In the first four convictions set out above, there was no recitation in the judgments, or any other evidence, that appellant was *competent* to stand trial, when he was convicted of those offenses. Thus, those convictions cannot be used against appellant in this case. *Ex parte Lewis,* 587 S.W.2d 697, 700 (Tex.Crim.App.1979); *Pipkin v. State,* 671 S.W.2d 626, 629 (Tex. App.—Houston [1st Dist.] 1984, no pet.). The judgments in each of the last three convictions contain a recitation of competency. Therefore, the State could properly use the 1986 and 1989 DWI convictions to raise appellant's current DWI charge to a third degree felony. *See* TEX.REV.CIV.STAT. ANN. art. 6701*l*–1(e) (Vernon Supp.1991); TEX.PENAL CODE ANN. § 12.41(1) (Vernon 1974).

Because the State presented no evidence to refute appellant's evidence that his competency had not been restored at the time the convictions used for enhancement purposes were obtained, we hold the trial court erred in failing to quash the first and second enhancement paragraphs of the indictment (pertaining to appellant's 1979 conviction for burglary of a habitation and his 1983 conviction for indecency with a child).

That appellant was harmed by the trial court's failure to quash is evident. Because the State proved only one valid prior felony conviction, that being the 1987 conviction for burglary of a habitation, the jury should have been charged pursuant to TEX.PENAL CODE ANN. § 12.42(a) (Vernon 1974). Section 12.42(a) provides that: "If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony." The punishment range for a second degree felony is confinement for any term of not more than 20 years or less than two years. TEX.PENAL CODE ANN. § 12.33(a) (Vernon 1974). Since the invalid enhancement paragraphs were not quashed, the jury was charged it could punish appellant as a habitual offender.[5] *See* TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1991). The punishment range for a habitual offender is confinement for life, or for any term of not more than 99 years or less than 25 years. The jury assessed life.

Appellant's sole point of error is sustained. The judgment of the trial court is reversed, and the case remanded for a new trial on punishment. TEX.CODE CRIM.P.ANN. art. 44.29(b) (Vernon Supp.1991).

---

**5.** Appellant properly preserved error by specifically objecting to the charge on the ground that the enhancement convictions were void.