COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-414-CR
 
  
ALICE 
BRADFORD                                                                 APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 396TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION AND ABATEMENT 
ORDER
 
------------
 
I. Introduction
        The 
sole issue presented in this appeal by Appellant Alice Bradford is whether the 
trial court erred by proceeding with an adjudication of her guilt without making 
a judicial determination that she had regained competency to stand trial since 
the entry of a judgment finding her incompetent. Because the law requires a 
judicial determination that a defendant who has been adjudged incompetent and 
has been criminally committed has regained competency before criminal 
proceedings—including a proceeding to adjudicate guilt—may be resumed, we 
abate this appeal and remand this cause to the trial court to make a judicial 
determination regarding Bradford’s competency at the time of the adjudication 
hearing.
II. Factual and 
Procedural Background
        Bradford 
was indicted on August 7, 2001 for aggravated assault with a deadly weapon. The 
trial court entered a judgment of mental incompetency after a jury determined 
that Bradford was incompetent to stand trial and that there was no substantial 
probability that she would attain competency in the foreseeable future. The 
trial court ordered Bradford committed to the North Texas State Hospital-Vernon 
Campus for a period of not more than eighteen months for further examination and 
treatment “toward the objective of attaining competency to stand trial.” On 
June 7, 2002, the Competency Program Psychiatrist for the North Texas State 
Hospital-Vernon Campus, Dr. Thomas D. Wiman, signed a report addressed to the 
trial court judge concluding that Bradford was competent to stand trial. On June 
26, 2002, the trial court entered an order adjudging Bradford competent to stand 
trial and, upon her plea of guilty, sentenced her to six years’ deferred 
adjudication community supervision.
        In 
April 2003, the State filed a petition to proceed to an adjudication of 
Bradford’s guilt. Bradford’s court-appointed attorney filed a motion for a 
competency examination, which the trial court granted. On June 2, 2003, another 
jury found Bradford “presently incompetent to stand trial” and found that 
Bradford was not likely to attain the competency to stand trial in the 
foreseeable future. On June 3, 2003, the trial court signed a second judgment of 
mental incompetency and again committed Bradford to the North Texas State 
Hospital-Vernon Campus for a period of not more than eighteen months for further 
examination and treatment “toward the objective of attaining competency to 
stand trial.”
        On 
August 18, 2003, Dr. Wiman signed a report addressed to the trial court 
concluding that Bradford was incompetent to stand trial and that there was no 
substantial probability that she would become competent in the foreseeable 
future. The report stated that Bradford was “being returned for civil 
commitment under the provisions of Section 6 Extended, Article 46.02 of the Code 
of Criminal Procedure.” Bradford was then returned to the Tarrant County Jail. 
Dr. Wiman also enclosed his final evaluation and the certificate of examination 
for mental illness.
        Over 
the next ten months, Bradford’s counsel filed several motions for competency 
examinations—all of which were granted by the trial court—because he could 
not intelligently discuss the adjudication and revocation process with Bradford. 
Dr. Ross J. Tatum, a psychiatrist, examined Bradford on two occasions and in a 
report dated September 24, 2003 opined that Bradford was competent to stand 
trial. On October 13, 2003 and on April 28, 2004, counsel for Bradford filed two 
more motions for competency examinations, explaining that Bradford “wants 
[her] attorney to marry her and buy her a pizza” and that she continued to 
experience a “slow digression” since her return to the Tarrant County Jail. 
Dr. Barry Norman examined Bradford twice and, in a report dated May 10, 2004, 
concluded that Bradford was incompetent to stand trial but that there was a 
substantial probability that she would attain competence to stand trial in the 
foreseeable future.
        On 
June 3 and June 4, 2004, Bradford’s counsel filed two more motions for 
competency examinations explaining, “attorney cannot intelligently discuss 
revocation with defendant, see previous evaluations, attached.” In response to 
these motions, the trial court appointed Dr. Ann Turberville and Dr. Lisa 
Clayton to examine Bradford. Dr. Turberville, in a report dated June 8, 2004, 
concluded that Bradford was competent to stand trial. No report from Dr. Clayton 
is contained in the record.
        On 
June 28, 2004, the trial court again appointed Dr. Tatum to examine Bradford. 
Dr. Tatum, in a report dated July 1, 2004, concluded that Bradford was competent 
to stand trial.
        On 
July 28, 2004, the trial court held a hearing on the State’s petition to 
adjudicate Bradford’s guilt, adjudicated her guilty, and sentenced her to five 
years’ confinement in the Texas Department of Criminal Justice. In a single 
issue on appeal, Bradford contends that the trial court was required to make a judicial 
determination that she had regained competency at the time of the July 28, 
2004 hearing on the State’s petition to adjudicate and that in the absence of 
such a determination she could not be adjudicated guilty. We agree.
III. Competency 
To Stand Trial
        A. Appellate Court Jurisdiction
        The 
State argues that we lack jurisdiction to address Bradford’s issue. 
Specifically, the State contends that the issue of a defendant’s competency at 
the time of adjudication proceedings is not appealable under Texas Code of 
Criminal Procedure article 42.12, section 5(b). Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 5(b) (Vernon Supp. 2004-05) (stating that a defendant may not appeal a trial 
court's decision to proceed to an adjudication of guilt). The State cites 
several cases in support of its position: Bearden v. State, 147 S.W.3d 
661, 662 (Tex. App.—Amarillo 2004, no pet.); Davis v. State, 141 S.W.3d 
694, 696 (Tex. App.—Texarkana 2004, pet. ref’d); and Arista v. State, 
2 S.W.3d 444, 445-46 (Tex. App.—San Antonio 1999, no pet.). These cases are 
distinguishable however because in these cases the defendant either had not been 
adjudicated incompetent or had been subsequently adjudicated competent prior to 
the trial court’s adjudication of guilt. See, e.g., Bearden, 147 S.W.3d 
at 662 (explaining that sole issue on appeal was whether trial court erred by 
failing to have defendant examined for competence to stand trial at hearing 
on State's motion to adjudicate, thereby implying no judgment of incompetency 
existed prior to hearing); Davis, 141 S.W.3d at 696 (explaining that 
after judgment of incompetency, jury subsequently found defendant competent so 
that denial of counsel's request for jury trial on competency made during 
adjudication-of-guilt hearing was unappealable); Arista, 2 S.W.3d at 446 
(holding Arista’s competency was presumed, thereby implying that no judgment 
of incompetency existed prior to hearing). Here, a June 3, 2003 judgment of 
mental incompetency exists; this judgment was not vacated or superseded by a 
subsequent judgment of competency nor does the record before us contain a 
subsequent express judicial finding of competency.
        By 
statute, “[a] defendant is presumed competent to stand trial.” See 
Act of May 18, 1977, 65th Leg., R.S., ch. 596, § 1(b), 1977 Tex. Gen. Laws 
1458, 1458, repealed by Act of Apr. 30, 2003, 78th Leg., R.S., ch. 35, § 
15, 2003 Tex. Gen. Laws 57, 72 (current version at Tex. Code Crim. Proc. Ann. art. 46B.004 
(Vernon Supp. 2004-05)).[1]  If a prior, 
unvacated adjudication of incompetency exists, however, the burden shifts to the 
State to establish competency. Manning v. State, 730 S.W.2d 744, 748 
(Tex. Crim. App. 1987); Schaffer v. State, 583 S.W.2d 627, 630 (Tex. 
Crim. App. [Panel Op.] 1979). Once a defendant is found incompetent, he is 
presumed to be incompetent to stand trial “until it has been determined in 
accordance with the law that he is competent to stand trial.” Schaffer, 
583 S.W.2d at 630.
        The 
law requires that after a defendant has been adjudicated incompetent to stand 
trial and has been criminally committed to a mental hospital, the trial court 
must make a judicial determination that the defendant has regained competency 
before the criminal proceedings against him may be resumed. See Tex. Code Crim. Proc. Ann. art. 46.02, 
§ 5(k). Article 46.02, section 5(k) provides that after a criminal commitment, 
“If the defendant is found competent to stand trial, criminal 
proceedings against him may be resumed.” Id. (emphasis added). Under 
the ordinary rules of statutory construction, we apply the plain meaning of the 
words contained in a statute unless doing so would lead to an absurd result. State 
v. Hardy, 963 S.W.2d 516, 519 (Tex. Crim. App. 1997). Giving this statutory 
provision its plain meaning, criminal proceedings may be resumed against a 
defendant who has been adjudicated incompetent to stand trial and criminally 
committed only if he is subsequently found competent to stand trial. Id. 
Because this judicial determination is statutorily mandated to occur before any 
criminal proceeding against the defendant may resume, including an adjudication 
of guilt, this determination cannot be part of the unappealable decision to 
proceed with an adjudication of guilt. See McGee v. State, 124 S.W.3d 
253, 256 (Tex. App.—Fort Worth 2003, pet. ref’d) (recognizing that denial of 
motion for continuance arose before and was not part of determination to 
adjudicate guilt and therefore was appealable notwithstanding article 42.12, 
section 5(b)). Accordingly, we hold that article 42.12, section 5(b) of the code 
of criminal procedure does not prohibit Bradford from challenging on appeal the 
trial court’s failure to make a judicial determination that she had regained 
competency before proceeding with an adjudication of her guilt.
        B. 
Judicial Determination of Competency
        Article 
46.02, section 5(I) of the Texas Code of Criminal Procedure provides that when 
the head of a mental health facility discharges a committed defendant to the 
trial court, the court may make a competency determination based solely on the 
report filed by the head of the facility where the defendant had been committed. 
See Spring v. State, Nos. 01-87-00385-CR, 01-87-00386-CR, 1988 WL 7754, 
*1 (Tex. App.—Houston [1st Dist.] 1988, no pet.) (not designated for 
publication) (recognizing trial court is entitled to base its judicial 
determination of competency solely on report of head of facility where defendant 
had been committed). The filing of this report, however, does not obviate the 
need for a judicial determination of the defendant’s competency to stand 
trial. See Schaffer, 583 S.W.2d at 630. Letters from a psychiatrist or 
psychiatric evaluations containing recitations of competency are evidentiary 
only; they cannot operate as a substitute for a judicial fact finding of a 
defendant’s competency to stand trial. Id.; Fuller v. State, 11 
S.W.3d 393, 394 (Tex. App.—Texarkana 2000, pet. ref’d); Byrd v. State, 
719 S.W.2d 237, 238 (Tex. App.—Dallas 1986, no pet.); see also Bell v. 
State, 814 S.W.2d 229, 232 (Tex. App.—Houston [1st Dist.] 1991, pet. 
ref’d).
        Here, 
the record before us contains no judgment, order, docket sheet entry, or other 
statement or evidence showing that the trial court made a determination that 
Bradford had regained competency after its June 3, 2003 judgment finding that 
she was mentally incompetent. Cf. Waits v. State, Nos. 05-03-01194-CR, 
05-03-01195-CR, 2004 WL 909747, at *2-3 (Tex. App.—Dallas 2004, pet. ref’d) 
(not designated for publication) (holding statement in written plea agreement 
that “[i]t appear[ed] to the Court that the defendant is mentally competent” 
constituted judicial determination defendant had regained competency). Dr. Wiman 
signed a report addressed to the trial court judge, but he concluded that 
Bradford was incompetent to stand trial and that there was no substantial 
probability that she would become competent in the foreseeable future. 
Consequently, although the trial court could have made a competency 
determination based solely on this report, the report does not support a finding 
that Bradford had regained competency because the report stated that Bradford 
remained incompetent. Thus, we cannot imply a judicial determination of 
Bradford’s competency based on this report.
        Finally, 
the State argues that Bradford waived any error by the trial court in proceeding 
with an adjudication of her guilt absent a judicial determination that she had 
regained competency because she did not object, and in any event, any error is 
not constitutional and did not affect a substantial right. But the State—not 
Bradford—bore the burden of establishing Bradford’s competency to stand 
trial following the unvacated June 3, 2003 judgment adjudicating Bradford 
mentally incompetent. See Manning, 730 S.W.2d at 748; Schaffer, 
583 S.W.2d at 630. A judicial determination that Bradford had regained 
competency was required before the State could resume criminal proceedings 
against her. See Tex. Code Crim. 
Proc. Ann. art. 46.02, § 5(k). Bradford’s failure to object to the 
lack of a judicial determination of competency does not waive or excuse the 
State from meeting this statutorily imposed burden. Cf. Webber v. State, 
29 S.W.3d 226, 235 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d.) 
(reasoning that State’s burden to prove guilt beyond a reasonable doubt and 
sustain conviction cannot be waived). We hold that Bradford did not waive the 
statutory requirement that the State establish her competency to stand trial 
before resuming criminal proceedings against her. We sustain Bradford’s sole 
issue.
IV. Conclusion
        Having 
sustained Bradford’s sole point, we abate this appeal and remand this cause to 
the trial court to make a judicial determination regarding Bradford’s 
competency at the time of the adjudication hearing on July 28, 2004. See 
Schaffer, 583 S.W.2d at 631. The trial court shall forward its determination 
to this court via a supplemental clerk’s record within thirty days and this 
appeal will be automatically reinstated upon receipt of the supplemental 
clerk’s record.
   
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
 
PANEL 
B:   LIVINGSTON, GARDNER, and WALKER, JJ.
 
PUBLISH
 
DELIVERED: 
June 23, 2005


NOTES
1.  
The legislature amended article 46.02 of the code of criminal procedure in 1999. 
See Act of May 26, 1999, 76th Leg., R.S., ch. 561, §§ 1-11, 1999 Tex. 
Gen. Laws 3092, 3092-3100. This version of the statute was in effect when 
Bradford pleaded guilty, when the trial court deferred adjudication of her 
guilt, and when the State filed its petition to proceed to adjudication. The 
legislature then repealed article 46.02 in its entirety—effective January 1, 
2004—and added article 46B. See Act of April 30, 2003, 78th Leg., R.S., 
ch. 35, §§ 1, 2003 Tex. Gen. Laws 57, 57-68 (current version at Tex. Code Crim. Proc. Ann. art. 46B 
(Vernon Supp. 2004-05)). Although the trial court adjudicated Bradford’s guilt 
on July 28, 2004 after article 46.02 was repealed, the new statute applies only 
to a defendant against whom competency proceedings had not been initiated under 
the old law.  See Act of April 30, 2003, 78th Leg., R.S., ch. 35, § 
16, 2003 Tex. Gen. Laws 57, 72; Lawrence v. State, No. 2-04-00305-CR, 
2005 WL 1356800, at *1 (Tex. App.—Fort Worth June 9, 2005, no pet. h.) (not 
yet reported). Therefore, because competency proceedings were initiated against 
Bradford under the 1999 version of article 46.02, it remains in effect for 
application to her. Because the 1999 version of article 46.02 is controlling, we 
cite to it hereinafter and for simplicity we omit further references to the 
repealing statute.