

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-25-00082-CR

Jesus Moises **LOPEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. 22-CR-127
Honorable Jose Luis Garza, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice
Dissenting Opinion by: Velia J. Meza, Justice

Sitting:     Lori Massey Brissette, Justice
             Adrian A. Spears II, Justice
             Velia J. Meza, Justice

Delivered and Filed: February 11, 2026

It is undeniable that "the criminal trial of an incompetent defendant violates due process."[1]

The indisputable significance of this due process right is protected by "state procedures that are

adequate to assure that incompetent defendants are not put to trial."[2] The majority holds that the

appellate record before us is sufficient to conclude the trial court followed the mandatory

---

[1] *Medina v. California*, 505 U.S. 437, 453 (1992).
[2] *Turner v. State*, 422 S.W.3d 676, 689 (Tex. Crim. App. 2013).

competency procedures and determined Lopez's competency was restored after having previously been found incompetent to stand trial. I dissent.

Our code of criminal procedure provides a framework of shifting presumptions regarding competency. Lopez was initially presumed competent to stand trial unless proven incompetent by a preponderance of the evidence.[3] The trial court determined Lopez incompetent to stand trial on December 7, 2022, and committed him to a jail-based restoration program.[4] Consequently, a new presumption took effect: Lopez was presumed incompetent to stand trial until determined competent.[5]

The record is remarkably silent about Lopez's competency restoration. Although the code requires a notification and report from the head of Lopez's restoration program to be filed, the record is devoid of such.[6] The record also does not indicate whether such report was provided to counsel.[7] Nor does the record show the trial court made any "determination" based on the report.[8] The State asks us to consider a bench warrant relating to a hearing on restoration of competency. However, the transcript from that hearing indicates its purpose was to enter a docket control order. While the record does show defense counsel stated the "second evaluation . . . found [Lopez] to be competent," no determination was made by *the judge* pursuant to article 46B.084(a-1).

The majority relies on counsel's statements, the trial court's admonishment of Lopez regarding his plea of not guilty, and the recitations in the nunc pro tunc judgments, to conclude the court made the required determination. But counsel's statements[9] and the trial court's

---

[3] TEX. CODE. CRIM. PROC. art. 46B.003(b).
[4] *See* TEX. CODE CRIM. PROC. art. 46B.071.
[5] *Schaffer v. State*, 583 S.W.2d 627, 630 (Tex. Crim. App. 1979).
[6] *See* TEX. CODE CRIM. PROC. art. 46B.079(c).
[7] *Id.*
[8] *Id.* art. 46B.084(a-1).
[9] *Ortiz v. State*, 866 S.W.2d 312, 316 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding that "the belief of trial counsel that a defendant is or is not competent is not determinative of competency.").

admonishment are evidentiary only and cannot be used to imply that Lopez was determined competent to stand trial.[10] All that remains in support of the majority's rationale are the recitations made in the nunc pro tunc judgments which state that "[i]t appeared to the Court that Defendant was mentally competent and had pleaded as shown above to the charging instrument."

While the majority, as well as sister courts, have found such recitations fulfill article 46B's judicial-determination requirement, doing so undermines the rights that article 46B was designed to protect.[11] The Texas Court of Criminal Appeals should reaffirm that once a defendant has been found incompetent, the trial court must follow the statutory procedures set out in article 46B. The mandatory procedures created by the Legislature—determination of incompetency, commitment, treatment, receipt of a final report from the facility, service of that report on the parties, an opportunity to object, and, if an objection is made, a competency hearing—exist to safeguard the defendant's constitutional due process rights. Compliance with this procedure is especially vital today as Texas courts increasingly encounter defendants with significant mental health needs who are found incompetent while awaiting trial. To disregard these procedures risks compounding the very vulnerabilities they were enacted to address. *Schaeffer* recognized these procedures and controls over intermediate court decisions that have strayed from it.[12]

---

[10] *Byrd v. State*, 719 S.W.2d 237, 238 (Tex. App.—Dallas 1986, no pet.) (citing *Schaffer*, 583 S.W.2d at 630); *see also Bradford v. State*, 172 S.W.3d 1, 5 (Tex. App.—Fort Worth 2005, no pet.) (holding that a determination of competency to stand trial cannot be implied).

[11] *See Cooper v. State*, 333 S.W.3d 859, 866 (Tex. App.—Fort Worth 2010, pet. ref'd) (holding that an identical recitation constituted a judicial determination of competency); *Waits v. State*, No. 05-03-01194-CR, 2004 WL 909747, at *2 (Tex. App.—Dallas Apr. 29, 2004, pet. ref'd) (not designated for publication); *Spratt v. State*, No. 10-23-00065-CR, 2024 WL 48216, at *2 (Tex. App.—Waco Jan. 4, 2024, pet. ref'd) (mem. op., not designated for publication); *Balentine v. State*, No. 09-09-00354-CR, 2011 WL 2732146, at *1 (Tex. App.—Beaumont July 13, 2011), *rev'd on other grounds*, No. PD-1102-11, 2012 WL 4044895 (Tex. Crim. App. 2012).

[12] *Schaffer*, 583 S.W.2d at 630 (recognizing that the "statute is clear as to the precure to be used" once a defendant is returned to the committing court).

It is worth emphasizing that the recitations in the judgments nunc pro tunc are boiler plate and utilized in all judgments of conviction in Texas.[13] To recognize such recitations as judicial determinations of competency, as the majority does here, circumvents article 46B.084(a-1)'s constitutionally grounded procedures and imperils incompetent defendants' due process rights. In practice, the majority's approach allows trial court to superficially rectify any 46B procedure violations with mere boiler plate recitations.

Additionally, such recitations are unrelated to article 46B.0084(a-1)'s judicial determination. These recitations track article 26.13's statutory requirement that "[n]o plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary."[14] Unlike article 46B—which safeguards defendants' constitutional due process rights—article 26.13's statutory admonitions "are not themselves constitutionally required."[15] In fact—unless raised as an issue invoking article 46B's procedures—article 26.13 does not require a trial court to inquire or hear evidence regarding a defendant's mental competency to include such recitations in the judgment.[16]

Given the profound constitutional due process interests at stake, the suggestion that boilerplate language—borrowed from plea admonishment requirements not invoked in this case— could replace the judicial determination mandated by article 46B.084(a-1) is deeply concerning. Once a defendant has been found incompetent, Texas law unequivocally requires a determination that the defendant has been restored to competency before the criminal case may proceed.[17]

---

[13] Off. of Court Admin., Judgment of Conviction by Court, available at https://www.txcourts.gov/media/1455963/judgment-of-conviction-by-court-waiver-of-jury-trial-022323.docm; *see also* TEX. CODE CRIM. PROC. art. 42.01, § 3 (stating that "[t]he Office of Court Administration of the Texas Judicial System shall promulgate a standardized felony judgment form" and mandates that courts entering felony judgments use such form).

[14] TEX. CODE CRIM. PROC. art. 26.13(b).

[15] *VanNortrick v. State*, 227 S.W.3d 706, 708 (Tex. Crim. App. 2007).

[16] *Compare Kuyava v. State*, 538 S.W.2d 627, 628 (Tex. Crim. App. 1976), *with Schaffer*, 583 S.W.2d at 631.

[17] *Schaffer*, 583 S.W.2d at 631.

Because this determination is absent from the record before us, I would abate this appeal and remand for a retrospective competency determination as the law requires. For these reasons, I dissent.

Velia J. Meza, Justice

DO NOT PUBLISH