# OCTOBER 10, 1934

ROSCOE ARBUCKLE V. THE STATE.

No 16929.   Delivered October 10, 1934.
Reported in 75 S. W. (2d) 268.

The opinion states the case.

*Robertson and Friberg,* of Wichita Falls, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

Thomas Syptak had a barn in Baylor County in which were some 1200 bushels of oats. He was at the granary Sunday, December 3, 1933, at which time the house was closed and the doors and windows nailed up. He was there the next day and a door had been pulled loose, boards and tin pulled off the barn and a load of oats taken out. Mr. Syptak estimated that about 225 or 235 bushels of oats were taken. On said Monday he made an examination of the ground around the barn and found tire tracks, the tracks of a four wheel truck. The rear right-hand casing appeared from the tracks to have been worn smooth in the center, and on the outside there was a very plain print of a T. The left rear casing made a track showing that it had a nobby tread. He said the imprint of the tires was plain, there having been a shower a day or two before and the ground was soft. Armon Brown testified that he lived in Wichita Falls, Wichita County. He knew appellant. About December 3rd witness owned a truck, which had a bed seven feet and one and a half inches wide, about twenty-six or twenty-seven inches high, and about fourteen feet long. Witness did not remember whether he let appellant have that truck on December 3rd, but said he let him have it three or four times along about that time. The casings on the

truck were old. The casing on the left rear wheel made what witness called a nobby tread. He declined to say whether the right rear casing would make the imprint of a T or not, but did say it was a bigger casing than the one on the left. Henry Syptak, son of the owner of said barn, was with his father on Monday and they examined the tracks made by the truck which had driven up to the barn. He corroborated his father in saying that the track made by the rear right-hand casing showed that it was worn in the center and had a T on it, and that the rear left-hand casing had knobs on it. He further testified that one of the casings looked to be larger than the other, from the tracks. Mr. Myers testified that he lived at Electra which is in Wichita County, and was engaged in the elevator business with Mr. Kempel. On the morning of December 4th they bought a load of oats from a man who had a large truck which had a green bed on it. He thought it was about nine or ten o'clock in the morning. Mr. Kempel testified that he lived in Electra, and was in the grain business, and associated with Mr. Myers. That on the morning of December 4, 1933, appellant brought a load of oats to his place. Same had about 237 bushels of oats in it, and was brought to his place around 8:30 in the morning. Appellant gave witness his name as Will Turner. Witness said that the truck was a large one, and that the color of the bed was green. The witness Armon Brown was brought in and Mr. Kempel said Brown was not the man who sold him the oats. The sheriff testified that he knew the truck owned by Armon Brown; that it was an old truck, rather large and had a big green bed on it; that it was fourteen feet long and seven and a half feet wide. He had examined the casings on the truck. The right rear casing was larger than any of the others and the tread was worn smooth on top, but on each side it made perfect T's. The left rear casing was what they called a nobby,—makes little knobs in its tracks. The right rear casing was the largest tire on the truck. The above is a fair statement of the criminative facts.

Appellant made a motion for an instructed verdict of not guilty, which was refused by the court. We think the court's action in this matter correct. While the case is one of circumstantial evidence, its weight and sufficiency was for the jury. Along about the date of the alleged burglary Brown let this appellant have his truck in Wichita Falls. The casings on the truck corresponded with tracks made at the place of the alleged burglary some time either on December 3rd or that night. The fact that appellant the next morning, on December

4th, sold in Electra, also in Wichita County,—a county which corners with Baylor,—a truck load of oats containing approximately the same number of bushels that were taken from the barn of Mr. Syptak, the size of the truck, the description of its casings, etc., appearing to correspond with the truck belonging to Brown which he let this appellant have, all tend to show appellants guilt. Appellant did not take the stand and testify, nor introduce any witnesses to show where he was, or in any other way to explain any of the criminative facts.

Appellant's bill of exceptions No. 1 complains of the refusal to give his peremptory instruction, above referred to. Bill of exceptions No. 2 complains of the court's statement concerning State witness Brown, the effect of said statement being that the court thought Brown could take care of himself. We see nothing in the bill to call for any lengthy discussion. The matter seems of no moment as affecting the guilt of the accused. Bill of exceptions No. 3 complains of a question asked State witness Brown as to when appellant returned to him the truck which he borrowed. We have examined the bill and find nothing in it of any materiality. We have also examined each of the other bills of exception appearing in the record, and are not able to agree with appellant that any of same present reversible error.

Believing the evidence sufficient to support the verdict and that no error appears, the judgment will be affirmed.

*Affirmed.*