**Bobby Joe WILSON, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–84–127–CR, 2–84–128–CR and 2–84–129–CR.**

Court of Appeals of Texas, Fort Worth.

May 1, 1985.

J.R. Molina, Forth Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for the State.

Before FENDER, C.J., and BURDOCK, J.

OPINION

FENDER, Chief Justice.

Appellant was charged in three separate indictments for the offense of burglary of a building. TEX. PENAL CODE ANN. sec. 30.02 (Vernon 1974). Each indictment contained three enhancement paragraphs. Enhancement paragraph one was waived by the State. Appellant entered pleas of guilty to the primary offenses alleged, but chose not to enter a plea to the enhancement paragraphs. A plea of "not true" was entered in his behalf by the trial court. After hearing the evidence, the trial court found enhancement paragraphs two and three to be true. Punishment was assessed in each case at thirty years confinement in the Texas Department of Corrections, to run concurrently.

We affirm.

In his first ground of error, appellant contends that the trial court erred by denying appellant's motion to quash enhancement paragraph three in cause nos. 0221265D and 219102A because the prior conviction alleged in enhancement paragraph three is alleged to have been final on June 12, 1968, when in actuality it became final on December 27, 1968, when the

Court of Criminal Appeals issued a mandate affirming the conviction. We find no merit to appellant's contention. Similar arguments have been uniformly rejected by the Court of Criminal Appeals. *See Burton v. State*, 493 S.W.2d 837, 839–40 (Tex. Crim.App.1973); *Head v. State*, 419 S.W.2d 375, 377 (Tex.Crim.App.1967) and *Rener v. State*, 416 S.W.2d 812, 814 (Tex.Crim.App. 1967). In *Rener v. State*, the Court of Criminal Appeals addressing this same argument stated:

> The appeal, the affirmance and the issuance of the mandate which was filed with the clerk of the trial court on June 29, 1960, did not affect the date of the finality of the judgment rendered and entered and the sentence pronounced by the trial court on January 11, 1960.

*Rener v. State*, 416 S.W.2d at 814.

We conclude that the State properly plead the sentencing date in the enhancement paragraphs at issue. Accordingly, appellant's first ground is overruled.

In his second ground, appellant contends that the trial court erred in overruling his motion for specific performance of a plea bargain agreement.

The record reflects that appellant filed a "Motion for Specific Performance of a Plea Bargain" upon which a hearing was held. Basically, appellant contends that a prior plea bargain offer of ten years confinement was made by the State and accepted by appellant who now claims the trial court erred in not reinstating this offer. The State's position is that this offer was made for a limited time only and was withdrawn when appellant's counsel indicated his client would not accept the offer. Appellant offered the testimony of three witnesses: (1) Judge Jake Cook, the former public defender for Criminal District Court Number Four of Tarrant County; (2) appellant himself; and (3) J.R. Molina, defense counsel at the time of the hearing.

Jake Cook testified that although he could not specifically recall appellant's cases, his records indicated that he was appointed to represent him on August 31, 1983. He further testified that he represented Aubrey Whiting who was indicted in a companion case, and remembered Whiting's plea of guilty in return for a ten-year sentence. "Possibly," he said, "they offered Mr. Wilson the same thing, I'm not positive." During his testimony, the following exchange occurred:

Q. Do you recollect, Judge Cook, if during the time that you represented Mr. Wilson, which was apparently several months there, whether Mr. Wilson accepted the ten years?

A. He must not have or he would have been pled.

Q. Or could it have been that the State of Texas, if you recollect, that withdrew the offer?

A. Possibly it was a limited offer for some period of time. I just don't recall specifically as to Mr. Wilson what happened. Apparently, for some reason, he didn't plead.

He further indicated that because he represented Mr. Whiting in a companion case and because he normally asked to withdraw from the representation of one of two defendants charged with the same offense because of a potential conflict of interest, he assumed that his withdrawal in the present case, and the subsequent appointment of another attorney, occurred for that reason. The court's records reflect that Whiting, represented by Cook, pled guilty on October 24, 1983, ten days *after* J.R. Molina was appointed to represent appellant.

Appellant testified that a ten-year offer had been made, although he was very unspecific as to exactly when he accepted it. In response to the question "Tell us, if you would, when this ten-year offer was made to you? If you recall", appellant stated:

A. Well, I think that I was picked up—I was brought back to the county jail. When I did finally make it to Court, Mr. Cook had already told me that he couldn't represent me because he was on the same case.

So, he told me that if he could, he would try to me [sic] a plea bargain

before he got off my case. So then, he asked me if I would take ten years and I said, "yes". And he came in here and talked to the Judge or DA or whatever and when he came back—well, in the meantime, they brought me in here to appoint you [J.R. Molina] as my lawyer.

Appellant further indicated he thought Whiting "had his ten years before I did [have the offer]," and that he did not "know if it was the same deal." Appellant admitted that at the time he discussed a plea bargain with Jake Cook he had only been indicted on one of the three cases. Appellant testified that he told Cook that he would accept the ten-year offer.

J.R. Molina testified that he was appointed to represent appellant on October 14, 1983, but was only able to talk with him for about fifteen seconds on that occasion because of another pressing legal matter. Some weeks later when they again met, appellant asked Molina what had happened to the "ten-year agreement that he had", and Molina told him that prosecution at the time was offering a plea bargain in the range of thirty-five to forty years for all three indictments and would not agree to a ten year plea.

Pam Moore, formerly the State's chief prosecutor in Criminal District Court Number Four, testified for the State at the hearing and admitted that she previously *had* made a ten-year offer to both defendants conditioned on their quick acceptance. At the time of the offer Wilson had not been indicted for the third burglary offense. No acceptance of the plea bargain was made and the offer was specifically withdrawn by her. Under cross-examination she stated: "My understanding was that [the offer] was [refused]. It was never accepted. I set a specific date that it had to be accepted by when I said, 'Are you going to plead?' he [Cook] said 'One will and one won't.'"

Tom Bellows, the State's present chief prosecutor, indicated that he had made appellant an offer of thirty-five years in February of 1984 and that the first time any mention was made to him of a possible earlier agreement occurred on April 5, 1984 when Molina asked him to find out if a ten-year offer had, in fact, been made. Bellows testified:

And in my investigation in to [sic] that, I discovered that an offer had been made in September or October of 1983 and that it had been refused. An offer had been withdrawn and the case prepared for trial in December;

That, in fact, my offer for thirty-five was left open for a period of time and was, in fact, reduced to thirty years with a time limit of last Friday for acceptance and it was not accepted and it was specifically withdrawn at that time.

At the close of the hearing, the trial court denied appellant's motion for specific performance of a ten-year offer. Thereafter appellant, (without the benefit of a plea bargain) waived his right to a jury trial and entered a plea of "guilty" in each of the three cases.

The Court of Criminal Appeals' recent decision in *Thompson v. State*, 691 S.W.2d 627, (Tex.Crim.App., 1984) provides controlling authority. There the Court addressed the issue as follows:

The record reflects that after appellant's first conviction for the instant offense was reversed, the state offered to recommend a life sentence in exchange of appellant's plea of guilty. Appellant rejected this offer. Later, the state again discussed the possibility of a life sentence, but appellant's counsel suggested appellant would take only a term of 50 or 60 years. Appellant's offer was not accepted by the state. Shortly before the instant trial began, *appellant* offered to plead guilty in exchange for a life sentence, but the state refused. Appellant contends the prosecution abused its discretion by refusing to accept his offer.

An accused has no constitutional right to demand that the state enter into a plea bargain. *DeRusse v. State*, 579 S.W.2d 224 [Tex.Cr.App.(1979)]; *Morano v. State*, 572 S.W.2d 550 [Tex.Cr.

App.(1978) ]; *McCarty v. State*, 498 S.W.2d 212 [Tex.Cr.App.(1973) ]. Although plea bargains are enforceable after they are entered into, *see Ex parte Williams*, 637 S.W.2d 943 [Tex.Cr. App.(1982) ]; *Ex parte Rogers*, 629 S.W.2d 741 [Tex.Cr.App.(1982) ]; here, no agreement was reached between the state and appellant, and thus no error is shown. [Emphasis by the Court.]

*Id.* at 635.

The fact that the defendant in *Thompson* clearly rejected the State's original plea bargain offer, whereas in the present case appellant alleged his intent to enter into the agreement, provides a distinction without significance.

■ A plea bargain is not "entered into" until the trial court accepts the plea agreement. In *Ex parte Williams*, 637 S.W.2d 943 (Tex.Crim.App.1982), the Court stated:

> When a defendant agrees to the terms of a plea bargain agreement he is deemed to have entered into the agreement knowingly and voluntarily unless he shows otherwise. In effect, he becomes a party to a "contract". *Jones v. Estelle*, 584 F.2d 687 (5th Cir.1978). *The "contract" does not become operative until the court announces it will be bound by the plea bargain agreement. Once the court makes such an announcement, the State is bound to carry out its side of the bargain.* [Emphasis added.]

*Id.* at 947. No testimony at the hearing in the present case indicated that the trial court was aware of the ten-year plea bargain offer or that it "announced" its agreement.

In *DeRusse v. State*, 579 S.W.2d 224 (Tex.Crim.App.1979) the Court of Criminal Appeals addressing a similar situation stated:

> On April 29, 1976, appellant and an assistant district attorney entered into a plea bargain agreement under which appellant would plead nolo contendere to the offense of injury to a child and a jury would be impaneled to assess punishment. On May 7, three days before trial was set to begin, the district attorney

informed appellant's appointed defense counsel that he was withdrawing the plea bargain agreement. On May 10, appellant requested and received a continuance until July 5 in order to prepare for trial in light of the withdrawal of the agreement. Selection of the jury began on July 12.

\*      \*      \*      \*      \*      \*

> In the instant case, the agreement was withdrawn prior to the entry of appellant's plea. Appellant was in the same position he would have been in had no agreement been made, or had the trial court indicated that it would not follow the agreement and appellant withdrawn his plea. Art. 26.13, V.A.C.C.P.; *Gibson v. State*, 532 S.W.2d 69 (Tex.Cr.App. 1975).

> There can be little doubt that the withdrawal of the agreement by the district attorney could have prejudiced appellant had he been forced to trial without adequate time to prepare his defense. But the trial court gave appellant a two-month continuance after the agreement was withdrawn and appellant did not request a further continuance. Appellant argues that he was prejudiced by having to enter a not guilty plea after newspaper stories had been published stating his willingness to plead guilty to injury to a child. Aside from the fact that appellant has only agreed to plead nolo contendere, he has failed to point out any instance in which he was forced to accept a juror who had heard of the plea bargain agreement. In the absence of any showing of harm, we hold that the prosecutor's withdrawal from the plea bargain agreement prior to the entry of a plea by appellant was not reversible error.

*Id.* at 236.

■ A careful review of the record in the present case reflects conflicting testimony as to whether the appellant accepted the State's offer prior to the time it was withdrawn. Although appellant's original trial attorney, Jake Cook, could not remember the circumstances of the offer, he testi-

fied that by the defendant's failure to plead guilty at that time, he could now only assume that appellant rejected the offer. This finds support in Pam Moore's testimony wherein she recalled Jake Cook advising her that "[o]ne [defendant] will [plead] and one won't." Additionally, Moore testified that the offer was specifically withdrawn. Moreover, even if appellant did accept the plea bargain offer, it is clear that the State withdrew its offer prior to trial, especially in light of the fact that the original offer was made at a time when appellant had less than three indictments returned against him. We conclude that appellant has no constitutional or contractual rights to demand specific enforcement of the agreement since it had never been "entered into" or, in other words, had not become operative. *See Ex parte Williams,* 637 S.W.2d at 943.

We hold that the trial court did not err in overruling appellant's motion for specific performance of a plea bargain. Accordingly, appellant's second ground is overruled.

■ In a third ground of error, appellant contends that the trial court erred in overruling his motion to quash enhancement paragraph one because defense counsel, a former assistant district attorney for Tarrant County, was the reviewing attorney in that case. We find no merit to appellant's contention in light of the fact that enhancement paragraph one was waived by the State. Accordingly, we overrule appellant's third ground.

The judgment is affirmed.