**Juan CABALLERO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–86–0078–CR.

Court of Appeals of Texas,
Houston (1 Dist.).

Jan. 29, 1987.

Craig S. Lundquist, Huntsville, for appellant.

Travis L. McDonald, Walker County Asst. Sp. Prosecutor, Huntsville, for appellee.

Before EVANS, C.J., and WARREN and JACK SMITH, JJ.

## OPINION

JACK SMITH, Justice.

A jury found appellant guilty of aggravated assault, found an enhancement allegation to be true, and assessed his punishment at 20 years confinement and a fine of $3,500.

Appellant initially asserts that the trial court erred in admitting into evidence, for enhancement purposes, a prior conviction that appellant alleges was not final.

The record reflects that the State introduced a pen packet that contained a judgment and sentence establishing the date of appellant's prior conviction. Appellant objected to the introduction of the pen packet because the self-proving affidavit was insufficient. There is no indication on the face of the judgment and sentence that his case was appealed, and we find nothing in the record indicating that the appellant apprised the trial court, during the course of the trial, that the judgment about which he now complains was not final.

The State met its burden of proof by introducing a pen packet that recited the date of conviction for the commission of

the prior offense. *Beasley v. State*, 629 S.W.2d 161, 164 (Tex.App.—Dallas 1982, pet. ref'd). Nothing in the trial court's record or evidence indicates that an appeal had been taken. As a result, the burden then shifted to the appellant to prove that the conviction was not final. *Carter v. State*, 510 S.W.2d 323, 325 (Tex.Crim.App. 1974). Appellant offered no evidence during the trial that the judgment was not final; he therefore failed in his burden of proof.

Appellant's first point of error is overruled.

In his second point of error, appellant alleges he was denied effective assistance of counsel because his attorney failed to properly object at the punishment phase of the trial, when the State offered evidence of a prior conviction for enhancement purposes. He asserts that in his motion for new trial, he introduced his commitment papers and a stipulation that indicated that the prior felony offense was appealed. He argues that if his attorney had made a proper investigation, the attorney would have known that the prior conviction was not final on the date of commission of the offense in the instant case. Thus, he argues that he was prejudiced and harmed because his punishment in the instant case was enhanced by evidence of a non-final conviction that should not have been admitted.

The evidence adduced during the trial shows that the commission of the primary offense occurred on October 21, 1984; that appellant's trial commenced on January 22, 1986; that the judgment and sentence were signed on January 27, 1986; and that the judgment in the prior conviction used for enhancement was dated March 8, 1983.

Evidence taken during the motion for new trial shows that the parties stipulated that the prior conviction was appealed on March 18, 1983; that the conviction was affirmed on October 3, 1985, and that a mandate of affirmance issued on January 7, 1986.

Appellant asserts that for a prior felony conviction to be available for enhancement, it needs not only the requirement of finality but also finality prior to the commission of the primary offense. As authority for this proposition, he cites *Jones v. State*, 711 S.W.2d 634 (Tex.Crim.App.1986), and *Casey v. State*, 708 S.W.2d 914 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). The State apparently has no quarrel with the appellant's statement that a prior felony conviction must be final prior to the commission of the primary offense for it to be available for enhancement purposes. However, it does contend that the evidence in the present case showed that the prior conviction was final before the commission of the primary offense. Issue has thus been joined on the question of whether the prior conviction was final before the commission of the primary offense.

The *Jones* and *Casey* cases are distinguishable. In those cases, the State failed to prove that the convictions were final. In the instant case, the appellant initially produced evidence at his motion for new trial that the prior conviction had been appealed. The State, by evidence and stipulations entered into by the parties, proved that the mandate of the appellate court affirming the prior felony conviction had issued approximately 17 days prior to the commencement of the trial in the primary offense, and approximately 14 or 15 months after the commission of the primary offense. In addition, this evidence showed that the mandate affirmed the judgment of the trial court, which judgment was dated approximately 19 months before the commission of the primary offense. The question arises: where an appellate court mandate issues affirming the judgment of conviction by the trial court, does the date of the mandate or the date of the trial court's final judgment determine the date of finality of the conviction, where such conviction is being used for enhancement purposes? The Texas Court of Criminal Appeals addressing this same question in *Rener v. State*, 416 S.W.2d 812, 814 (Tex.Crim.App.1967), stated:

> The appeal, the affirmance, and the issuance of the mandate which was filed with the clerk of the trial court on June 29, 1960, did not affect the date of the

finality of the judgment entered and rendered and the sentence pronounced by the trial court on January 11, 1960. This same conclusion was reached in *Head v. State*, 419 S.W.2d 375, 377 (Tex.Crim.App.1967); *Wilson v. State*, 689 S.W.2d 311, 312 (Tex.App.—Fort Worth 1985, pet. ref'd); *Helton v. State*, 635 S.W.2d 824, 825 (Tex.App.—Beaumont 1982), *aff'd*, 670 S.W.2d 644 (Tex.Crim.App.1984); *Bingham v. State*, 630 S.W.2d 718, 721 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

We hold that for enhancement purposes, when the mandate of the appellate court issues affirming the trial court's judgment, the date to be used in determining the finality of the trial court's judgment is the date the trial court's judgment was signed, not the date of the appellate court's mandate. We, therefore, conclude in the instant case that the appellant's prior conviction was final before the commission of the primary offense. Because appellant's claim of ineffective assistance of counsel was based on his erroneous assumption that the prior conviction was not final when the primary offense was committed, we overrule that contention.

The appellant's second point of error is overruled.

The judgment of the trial court is affirmed.