**STATE of Texas, Appellant,**

v.

**Charles David PEREZ, Appellee.**

**No. 11–95–260–CR.**

Court of Appeals of Texas,
Eastland.

June 18, 1997.

Rehearing Overruled July 17, 1997.

John B. Holmes, District Attorney, Houston, for appellant.

Garland D. McInnis, Jr., Belinda Johnson Chagnard, Houston, for appellee.

Before ARNOT, C.J., and WRIGHT, J., and McCLOUD, Senior Judge.*

ARNOT, Chief Justice.

Two prior felony convictions were alleged for enhancement purposes in the indictment in this case. The issue before this court is to determine when the first prior conviction became final for enhancement purposes—when the judgment was signed or when the appeal from that conviction was affirmed. Determining that the first prior conviction was not final because an appeal was pending when the offense resulting in the second prior conviction was committed, the trial court granted Charles David Perez' motion to quash the second enhancement paragraph in the indictment charging Perez with aggravated robbery. The State appeals. We affirm.

---

* Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

At the time the indictment in the present case was returned, TEX. PENAL CODE § 12.42(d) (1994)[1] provided:

If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and *the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final*, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years. (Emphasis added)

The indictment alleges that on or about September 8, 1994, Perez committed the offense of aggravated robbery. The first enhancement paragraph alleges that, prior to the commission of the aggravated robbery, Perez had been convicted of burglary of a habitation on November 1, 1989, in Cause No. 539254. The second enhancement paragraph alleges that, before the commission of the aggravated robbery and after the conviction in Cause No. 539254 was final, Perez was convicted of burglary of a habitation on September 7, 1990, in Cause No. 560824. Perez filed a motion to quash the second enhancement paragraph on the grounds that the burglary of a habitation conviction in Cause No. 539254 was on appeal and, therefore, was not a final conviction when the burglary of a habitation offense in Cause No. 560824 was committed.

The pen packets for both prior convictions are marked "State's Exhibit No. 1" and are included in the statement of facts from the motion to quash hearing. The pen packet for Cause No. 539254 (the conviction alleged in the first enhancement paragraph) reflects that the offense was committed on August 15, 1989; that sentence was imposed on November 1, 1989; that an appeal bond was granted on January 11, 1990; that mandate was received from the court of appeals on January 17, 1991; and that the sentence was to begin on December 14, 1990.[2] The pen packet in Cause No. 560824 (the conviction alleged in the second enhancement paragraph) reflects that the offense was committed on March 30, 1990, and that the sentence was imposed on September 7, 1990.

The State relies on the case of *Caballero v. State*, 725 S.W.2d 776 (Tex.App.—Houston [1st Dist.] 1987, pet'n ref'd), to support its position that the first prior conviction became final when the judgment was signed by the trial court and that the pendency of an appeal did not affect that conviction's finality for enhancement purposes. Therefore, the State argues that the first prior conviction alleged was final before the second prior conviction alleged was committed. Perez relies on the case of *Arbuckle v. State*, 132 Tex.Crim. 371, 105 S.W.2d 219 (1937), to support his position that the first prior conviction was not final until the date the conviction was affirmed.

In *Caballero*, the indictment alleged only one prior felony conviction which was pending on appeal when the offense for which the defendant was indicted was committed. The court of appeals overruled a challenge to the effectiveness of trial counsel for failing to object when the State offered evidence of the prior conviction. The court held that, after the subsequent affirmance of the conviction, the date the conviction was final was the date that the judgment was signed, not the date that the conviction was affirmed by the appellate court. In *Caballero*, the cases that the court of appeals relied on to support its holding are cases that dealt with the "finality" of a sentence and judgment when there was a variance between the date alleged in the indictment and the date in the proof offered.[3]

---

1. Now codified as TEX. PENAL CODE ANN. § 12.42(d)(1) (Vernon Supp.1997).

2. It is undisputed that the appeal from the first prior conviction was pending when the second prior offense was committed.

3. *Head v. State*, 419 S.W.2d 375 (Tex.Cr.App. 1967); *Wilson v. State*, 689 S.W.2d 311 (Tex. App.—Fort Worth 1985, pet'n ref'd); *Helton v.* *State*, 635 S.W.2d 824 (Tex.App.—Beaumont 1982), *aff'd on other grounds*, 670 S.W.2d 644 (Tex.Cr.App.1984); *Bingham v. State*, 630 S.W.2d 718 (Tex.App.—Houston [1st Dist.] 1982, no pet'n). See also the following cases which deal with the same issue of "finality" of the judgment and sentence where the date alleged varies from the date proved: *Burton v. State*, 493 S.W.2d 837 (Tex.Cr.App.1973); *Rener v. State*,

In *Arbuckle*, the court directly addressed the issue of the finality of a prior conviction that was alleged for enhancement purposes and that was pending on appeal when the offense that was the subject of the indictment was committed. The defendant was indicted for burglarizing M.S. Henry's house. Two prior felony convictions were alleged for enhancement purposes, and the conviction from the second prior offense committed in Baylor County was pending on appeal when the Henry burglary was committed. The court in *Arbuckle* stated:

> Before a prior conviction may be relied on to enhance the punishment in a subsequent case such prior conviction must be final. If an appeal has been taken from a judgment of guilty in the trial court, that conviction does not become final until the judgment of the lower court has been affirmed by the appellate court.
>
> \*        \*        \*        \*        \*        \*
>
> The proof supported the averment that the Henry burglary—the offense now being tried—was committed on June 23, 1934. As to the Baylor county conviction, the undisputed evidence shows that on January 18, 1934, a judgment was entered in the district court of Baylor county adjudging appellant to be guilty of burglary, from which judgment an appeal was taken to this court. Said judgment was affirmed on October 10, 1934. 127 Tex.Cr.R. 41, 75 S.W.2d 268. Then, and not until then, the conviction in Baylor county became final, and not until then did appellant become a convicted felon by reason of the prosecution in Baylor county.

Relying on *Arbuckle*, the Court of Criminal Appeals has consistently held that a conviction is not a final conviction for enhancement purposes until the conviction has been affirmed. *Jones v. State*, 711 S.W.2d 634 (Tex. Cr.App.1986); *Carter v. State*, 510 S.W.2d 323 (Tex.Cr.App.1974).

We decline to follow the court of appeals' holding in *Caballero* and instead follow the holdings in *Jones, Carter,* and *Arbuckle.* We hold that the trial court correctly found that

416 S.W.2d 812 (Tex.Cr.App.1967); and *Goodale v. State*, 146 Tex.Crim. 568, 177 S.W.2d 211

the first prior conviction was not final before the offense in the second prior conviction was committed.

 The enhancement paragraphs make no reference to either prior conviction being appealed. Therefore, the State argues that the pen packets were "evidence outside the indictment" and that they could not be considered by the trial court in determining the sufficiency of the enhancement allegations in the indictment. We disagree. The proponent of a motion to quash the indictment has the burden of proof and may offer proof of the allegations in the motion to quash. *Wheat v. State*, 537 S.W.2d 20 (Tex.Cr.App. 1976); *Worton v. State*, 492 S.W.2d 519 (Tex. Cr.App.1973); *Bell v. State*, 814 S.W.2d 229 (Tex.App.—Houston [1st Dist.] 1991, pet'n ref'd). The State's sole point of error is overruled.

The order of the trial court is affirmed.