Daniel Louis BEAL, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–00140–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 10, 2003.

George McCall Secrest, Jr., Bennett & Secrest, L.L.P., Ken J. McLean, Houston, for Appellant.

Gregory A. McGee, Asst. Dist. Atty., Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA, and HANKS.

## SUPPLEMENTAL OPINION ON REMAND

SAM NUCHIA, Justice.

A jury found appellant guilty of possession of a controlled substance with the intent to deliver and made a finding that appellant used a deadly weapon. The trial court found an enhancement paragraph based on an aggravated robbery true and assessed punishment at confinement for 40 years. On appeal, appellant challenged the trial court's finding of true to the enhancement paragraph, claiming that the conviction alleged in the paragraph was not final before the commission of the offense charged in this case. We affirmed, holding that, for enhancement purposes, when the appellate court issues a mandate affirming the trial court's judgment, the date to be used in determining the finality of the trial court's judgment is the date the trial court's judgment was signed, not the date of the appellate court's mandate. In so holding, we relied on *Rener v. State*, 416 S.W.2d 812, 814 (Tex.Crim.App.1967), and

*Caballero v. State,* 725 S.W.2d 776, 778 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd).

On petition for discretionary review, the Court of Criminal Appeals reversed our judgment, holding that an appealed, prior conviction alleged in an indictment for enhancement purposes becomes final when the appellate court issues its mandate affirming the conviction. In reaching its decision, the court followed *Jones v. State,* 711 S.W.2d 634 (Tex.Crim.App.1986), and *Arbuckle v. State,* 132 Tex.Crim. 371, 105 S.W.2d 219 (1937), and overruled *Rener v. State,* 416 S.W.2d 812 (Tex.Crim.App. 1967). *See Beal v. State,* 91 S.W.3d 794 (Tex.Crim.App., 2002) (designated for publication). The court remanded the case to this Court for further proceedings. We now reconsider appellant's enhancement issues.

### Enhancement Conviction Finality

In points of error 11 and 12, appellant argues that the evidence is legally insufficient to support a finding of true to the enhancement paragraph and that the trial court erred in finding the enhancement paragraph true because the conviction alleged in the paragraph was not final before the commission of this offense.

Appellant was charged with the offense at issue, possession with intent to deliver, on July 7, 1998. The indictment contained an enhancement paragraph alleging a prior conviction for aggravated robbery. The Fourteenth Court of Appeals issued mandate affirming that conviction on August 6, 1998. Therefore, the conviction was not final before the commission of the primary offense, there is no evidence to support a finding of true to the enhancement paragraph, and the trial court erred in finding

1. *Beal v. State,* 35 S.W.3d 677 (Tex.App.-Houston [1st Dist.] 2000), *rev'd,* 91 S.W.3d

the enhancement paragraph true. *See Beal.*

Accordingly, we reverse the judgment of the trial court as it relates only to punishment and remand the cause to the trial court for a new punishment hearing. TEX. CODE CRIM. P. ANN. 44.29(b) (Vernon Supp. 2003). In all other respects, our opinion issued July 27, 2000 remains unchanged.[1]

The clerk of this Court is directed to issue mandate immediately. TEX.R.APP. P. 18.1(c).