COURT OF APPEALS 
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-511-CR
 
MIKEAL WAYNE TATE                                                           APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
367TH DISTRICT COURT OF DENTON COUNTY 
 
------------
 
OPINION
 
------------
        Appellant Mikeal Wayne Tate appeals his felony driving while intoxicated 
(DWI) conviction. In two issues, he complains that the trial court erred in 
denying his motion to quash the indictment because an out-of-state prior 
conviction for driving under the influence (DUI) that was alleged for 
enhancement purposes (1) did not specify whether he had been operating a 
motor vehicle while intoxicated and (2) is void because there was no evidence 
that he voluntarily and intelligently waived his right to a jury trial. 
 
Factual and Procedural Background 
        Appellant was charged with felony driving while intoxicated. The 
indictment alleged that appellant had a prior DWI conviction in Dallas County, 
Texas and a prior DWI 
 

 conviction in Chickasaw County, Mississippi. Appellant 
filed a motion to quash the indictment arguing that the judgment in the
Mississippi case did not indicate whether he had voluntarily waived his right to
a jury trial and whether he was intoxicated at the time of the offense.
 

 After 
a hearing, the trial court denied appellant’s motion to quash. Appellant pled
guilty to the offense and received a five-year sentence.
Discussion
        In his first issue, appellant alleges that the Mississippi DUI could not be 
used for felony enhancement purposes because the judgment did not specify 
whether he had been operating a motor vehicle while intoxicated. Appellant 
contends that the Mississippi DUI statute is vague and overbroad in that it 
allows a conviction for DUI based solely on the conduct of alcohol consumption 
rather than the conduct of driving in a state of intoxication; therefore, absent 
a statement in the judgment that the DUI was based on conduct showing the 
defendant was actually “intoxicated” while driving, a conviction under that 
statute cannot be used for enhancement purposes under penal code section 
49.09(b)(2). Tex. Penal Code Ann. § 49.09(b)(2). The State responds that the 
indictment was properly enhanced because the Mississippi DUI statute requires 
more than a mere showing that the defendant consumed alcohol. 
        A trial court’s denial of a motion to quash is reviewed for an abuse of 
discretion. Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. App. [Panel 
Op.] 1981) (op. on reh'g); State v. Abdallah, 64 S.W.3d 175, 176 (Tex. 
App.—Fort Worth 2001, pet. ref'd). An abuse of discretion occurs when a trial 
court’s decision is so clearly wrong as to lie outside the zone of reasonable 
disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 
1991) (op. on reh'g). Appellant had the burden to prove that his Mississippi 
conviction could not be used for section 49.09 enhancement purposes. 
 

 See 
Wheat v. State, 537 S.W.2d 20, 21 (Tex. Crim. App. 1976); State v. Perez,
948 S.W.2d 362, 364 (Tex. App.—Eastland 1997, pet. ref’d); Bell v. State,
814 S.W.2d 229, 231 (Tex. App.—Houston [1st Dist.] 1991, pet. ref’d). 
        Under Texas Penal Code section 49.09, an offense is a felony of the third 
degree if a person has previously been convicted two times of any offense 
relating to the operation of a motor vehicle while intoxicated. Tex. Pen. Code 
Ann. § 49.09(b)(2). An “offense under the laws of another state that 
prohibit[s] the operation of a motor vehicle while intoxicated” is considered an 
"[o]ffense relating to the operating of a motor vehicle while intoxicated.” Id. 
§ 49.09(c)(1)(F). Section 49.01(2) defines “intoxicated” as: 
(A) not having the normal use of mental or physical faculties
by reason of the introduction of alcohol, a controlled substance, a
drug, a dangerous drug, a combination of two or more of those
substances, or any other substance into the body; or
 
(B) having an alcohol concentration of 0.08 or more. 

Id. § 49.01(2). 
        The Mississippi DUI statute provides, in pertinent part, that “[i]t is 
unlawful for any person to drive or otherwise operate a vehicle within this state 
who (a) is under the influence of intoxicating liquor . . . [or] (d) is under the 
influence of any drug or controlled substance, the possession of which is 
unlawful under the Mississippi Controlled Substances Law.” Miss. Code Ann. 
§ 63-11-30(1) (Supp. 2003). Appellant contends that this language allows a 
conviction based solely on the conduct of having consumed any detectable 
amount of alcohol or drugs and, thus, does not fall within the definition of 
“intoxicated” set forth in section 49.01. 
        Neither party asked the trial court to take judicial notice of Mississippi’s 
DUI law at trial, but the State asks this court to take judicial notice of it on 
appeal. In addition, appellant’s brief refers us to and asks us to consider the
controlling Mississippi statute. Rule 202 provides that a court “upon the
motion of a party shall” take judicial notice of the laws of other states and that
judicial notice “may be taken at any stage of the proceeding.” Tex. R. Evid.
202 (emphasis added); compare with Tex. R. Crim. Evid. 202, 701-702 S.W.2d
(Tex. Cases) XXXV (1986, amended 1998) (providing that court may take
judicial notice upon a party’s motion). We may take judicial notice of another
state’s law for the first time on appeal. See Tompkins v. State, 774 S.W.2d
195, 215 (Tex. Crim. App. 1987), aff'd 490 U.S. 754, 109 S. Ct. 2180
(1989); Ex parte Mason, 656 S.W.2d 470, 471 (Tex. Crim. App. 1983);
Gaffney v. State, 812 S.W.2d 439, 440 (Tex. App.—Texarkana 1991, pet.
ref’d); Nubine v. State, 721 S.W.2d 430, 434 (Tex. App.—Houston [1st Dist.]
1986, pet. ref’d); see Cathleen C. Herasimchuk, Texas Rules of Evidence
Handbook 153-54 (4th ed. 2001). Accordingly, we take judicial notice of the 
laws of Mississippi with respect to DUI. 
        In Leuer v. City of Flowood, the Supreme Court of Mississippi held that 
section 63-11-30 was not unconstitutionally vague. 98-KA-00062-SCT, ¶ 12, 
744 So.2d 266, 269 (Miss. 1999). In reaching its conclusion, the court 
discussed a Third Circuit case, which noted that for over a century, driving 
“under the influence” has been commonly understood to mean “driving in a 
state of intoxication that lessens a person’s normal ability for clarity and 
control” and recognized that “[t]his common understanding is consistent with 
the obvious purpose of drunk driving statutes; i.e., to prevent people from 
driving unsafely due to an alcohol-induced diminished capacity.” Id. (quoting 
Government of Virgin Islands v. Steven, 134 F.3d 526, 528 (3rd Cir. 1998)); 
see also Holloman v. State, 2000-KA-00868-COA, ¶ 42, 820 So.2d 52, 62 
(Miss. Ct. App. 2002) (King, P.J., dissenting) (noting that driving under the 
influence requires state to prove that defendant was driving in “a state of 
intoxication that lessens a person’s normal ability for clarity and control”). 
Thus, for purposes of section 63-11-30, driving under the influence requires 
more than a mere showing that a person has consumed an intoxicating 
substance. See Leuer, 98-KA-00062-SCT at ¶¶ 12-13, 744 So.2d at 269; 
Holloman, 2000-KA-00868-COA at ¶¶ 21-24, 820 So.2d at 58-59; Brewer v. 
State, 2001-KA-00413-COA, ¶¶ 4-6, 812 So.2d 1153, 1155 (Miss. Ct. App. 
2002) (finding evidence of DUI sufficient because jury could “reasonably 
conclude that Brewer was under the influence of intoxicants to the degree that 
his motor skills necessary to properly operate a motor vehicle were impaired”). 
        Appellant argues that a bare DUI judgment is not enough to grant 
reliability and certainty as to whether he was actually convicted of being 
intoxicated while operating a motor vehicle or only of driving under the 
influence. Because the Mississippi statute requires the state to prove not only 
that the defendant consumed an intoxicating substance but also that the 
substance lessened the defendant’s normal ability for clarity and control, 
appellant’s argument fails. 
        Appellant provided no authority to the trial court on this issue other than 
Samudio v. State, which deals with the necessity that the record show a waiver 
of a right to jury trial and is inapposite. 648 S.W.2d 312, 315 (Tex. Crim. 
App.), cert. denied, 462 U.S. 1132 (1983). Furthermore, a conviction for 
driving under the influence in Mississippi requires proof of a diminished mental 
or physical state as does the definition of intoxication set out in penal code 
section 49.01(2). Tex. Penal Code Ann. § 49.01(2). In addition, the supreme 
court of Mississippi has held that the statute provides adequate notice of the 
prohibited conduct and is not vague and overbroad. Leuer, 98-KA-00062-SCT 
at ¶ 12, 744 So.2d at 269. Thus, appellant failed to meet his burden of proof. 
See Wheat, 537 S.W.2d at 21; Perez, 948 S.W.2d at 364; Bell, 814 S.W.2d 
at 231. Appellant’s first issue is overruled. 
        In his second issue, appellant contends that the Mississippi DUI was void 
because there was no evidence that he voluntarily and intelligently waived his 
right to a jury trial. An alleged prior conviction used for enhancement may be 
collaterally attacked if it is void or if it is tainted by a constitutional defect. 
Galloway v. State, 578 S.W.2d 142, 143 (Tex. Crim. App. [Panel Op.] 1979). 
When an appellant collaterally attacks a prior conviction, he has the burden of 
proving that the prior conviction is void. Johnson v. State, 725 S.W.2d 245, 
247 (Tex. Crim. App. 1987); Schneider v. State, 9 S.W.3d 466, 468 (Tex. 
App.—Fort Worth 1999, no pet.). An appellant attempting to collaterally attack 
a prior conviction on the grounds that it does not show a waiver of jury trial has 
the burden of showing that the entire record is silent on jury waiver. West v. 
State, 720 S.W.2d 511, 519 (Tex. Crim. App. 1986), cert. denied, 481 U.S. 
1072 (1987); Bruce v. State, 744 S.W.2d 618, 619 (Tex. App.—Houston [1st 
Dist.] 1987, pet. ref’d). Because appellant failed to introduce the entire record 
from the prior conviction or any evidence that he did not waive his right to a 
jury trial, he failed to meet his burden. See Bruce, 744 S.W.2d at 619. 
        Furthermore, under Mississippi law, appellant was not entitled to a jury 
trial for a first-time DUI. Mississippi law provides that when the maximum 
possible sentence for an offense is six months or less, the case may be tried 
without a jury at the court’s discretion. Miss. Unif. R. Cir. and County Ct. 
Practice 12.02(c); Harkins v. State, 97-KA-01138-SCT, ¶2, 735 So.2d 317, 
318 (Miss. 1999). This provision is based upon the presumption that offenses 
carrying maximum sentences of six months or less are “petty offenses,” to 
which the Sixth Amendment right to trial by jury does not apply. See Lewis v. 
United States, 518 U.S. 322, 326, 116 S. Ct. 2163, 2166-67 (1996); Blanton 
v. City of North Las Vegas, 489 U.S. 538, 542-43, 109 S. Ct. 1289, 1293 
(1989); see also Harkins, 97-KA-01138-SCT at ¶ 2, 735 So.2d at 318. Thus, 
when the punishment is less than six months, a jury trial is not required. 
Skinner v. State, 2000-KM-01781-COA, ¶ 4, 809 So.2d 782, 784 (Miss. Ct. 
App. 2002). In Case v. State, the court of appeals specifically stated that 
because the possible punishment for a first DUI is less than six months' 
confinement, a person does not have a constitutional right to a jury trial. 2000-KM-01685-COA, ¶ 4, 817 So.2d 605, 607 (Miss. Ct. App. 2002). 
        Appellant did not have a constitutional right to a jury trial because he was 
charged and convicted of a first DUI offense in Mississippi, which carried a 
maximum sentence of six months or less. He cannot now claim that the 
judgment is void because it does not show that he waived his right to a jury 
trial when he did not have the right to waive it in the first place. Appellant has 
failed to meet his burden of proving that the Mississippi conviction is void. See 
Humphrey v. State, 681 S.W.2d 223, 224 (Tex. App.—Houston [14th Dist.] 
1984, no pet.) (holding that appellant had burden in collateral attack on Ohio 
conviction to prove that the Ohio judgment did not conform to the laws of 
Ohio). Thus, the trial court did not abuse its discretion by denying the motion 
to quash. Appellant’s second issue is overruled. 
Conclusion
        Having overruled both of appellant’s issues, we affirm the trial court’s 
judgment.
 
                                                                           TERRIE LIVINGSTON 
                                                                           JUSTICE
 
PANEL F:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DAUPHINOT, J. filed a concurring opinion.
 
PUBLISH
 
DELIVERED: October 16, 2003






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-511-CR
 
MIKEAL WAYNE TATE                                                           APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I respectfully disagree with the majority’s analysis but concur in the
result. The majority relies on rule 202 of the Texas Rules of Evidence that both
requires us to take judicial notice of Mississippi law and grants us the discretion
to take judicial notice.


 
        The trial court was not presented with Mississippi law when asked to rule
on Appellant’s motion to quash. By requiring this court to take judicial notice
of Mississippi law in ruling on whether the trial court erred in denying the
motion, the rules of evidence appear to require this court to retry the motion
with the aid of information not afforded to the trial court. This scheme can only
lead to the inadvertent sandbagging of the trial judge. How could this court
ever justly hold that a trial court erred by failing to consider law never presented
to that court? We should be required to look only to the information available
to the trial court in determining error. 
        When foreign law is not presented to the trial court for judicial notice, the
foreign law is presumed to be the same as Texas law.


 The case before us is
a felony DWI.


 As the majority points out, Appellant’s prior conviction is an
element of the offense.


 Had Appellant not pled guilty, would we be obligated
to determine a sufficiency challenge based on the evidence before the trier of
fact or the evidence as supplemented at the appellate level? Surely due process
requires us to examine the record as it existed at the time of trial whether we
are ruling on a sufficiency issue or a question of abuse of discretion. To the
extent that rule 202 does not permit us to do so, I respectfully submit that rule
202 should be reexamined.


                                                                  LEE ANN DAUPHINOT
                                                                  JUSTICE
PUBLISH
DELIVERED: October 16, 2003